## 19813. WILLIAMS v. THE STATE.

DECIDED JULY 31, 1929. REHEARING DENIED AUGUST 23, 1929.

*Hugh E. Combs,* for plaintiff in error.
*M. L. Felts, solicitor-general,* contra.

LUKE, J. The defendant was convicted of making intoxicating liquors, and he excepts to the overruling of his motion for a new trial. The fourth ground (first special ground) of the motion is but an amplification of the general grounds. The fifth and sixth grounds allege in substance that the court erred in failing to charge the law relative to corroboration of the testimony of an accomplice. "As the State did not rely wholly on the evidence of the alleged accomplice to connect the accused with the offense, it was not incumbent upon the court, without request, to instruct the jury

touching corroboration." *Robinson* v. *State,* 84 *Ga.* 674 (11 S. E. 544).

In addition to the testimony of the alleged accomplice, another witness for the State swore: "I know this defendant, Tom Williams. I saw him on or about the 3d day of December, 1928. . . I saw him in Wilkes County. At the time I saw him there was a furnace and beer where I saw him. There were twelve barrels of beer. That beer had fermented, and it was alcoholic at the time. . . I undertook to catch him. I told him to stop and he ran. . . There was old slops around there that indicated it had been cooked off. There were some ashes in the furnace. . . I found a stick there. . . This was a piece of stick that they had been stirring the beer with. It had fresh beer on it." This and other evidence connected the accused with the perpetration of the crime. "The law does not require that the corroborating evidence shall in and of itself alone be sufficient to warrant a verdict of guilty, or that the testimony of the accomplice shall be corroborated in every material particular. On the contrary, slight evidence that the crime was committed by both defendants, and identifying them with it, will corroborate the testimony of the accomplice and warrant a conviction." *Davis* v. *State,* 25 *Ga. App.* 532 (2) (103 S. E. 819), and cit. Under this rule the corroborating evidence was sufficient. The evidence as a whole authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*