24863. WILSON *v.* THE STATE.

Decided June 20, 1935. Rehearing denied July 26, 1935.

*R. L. LeSueur, J. A. Hixon,* for plaintiff in error.
*Hollis Fort, solicitor-general,* contra.

Guerry, J. ■ The defendant, Tobe Wilson, West Hardy, and Joe Hollis were jointly indicted for breaking and entering the depot of the Seaboard Air-line Railway with intent to commit a larceny. West Hardy and Joe Hollis entered pleas of guilty and testified for the State in the trial of the defendant Tobe Wilson. Exception was taken to the failure of the court to charge section 1017 of the Penal Code (1910), which provides that "in case of felony, where the only witness is an accomplice," such evidence is insufficient to support a conviction, unless it is corroborated. In *Pope* v. *State,* 171 *Ga.* 655, it was held that the testimony of another accomplice is a sufficient corroboration of the testimony of an accomplice, to support a conviction. The point is made that the evidence did not demand the finding that both West Hardy and

Joe Hollis were accomplices, and for that reason, even without a request therefor, the court erred in failing to give in charge section 1017. Both of these parties testified against the defendant. The testimony of each corroborated the other. If they were both accomplices, their testimony was sufficient; if neither or only one was an accomplice, their testimony, whether as a witness or an accomplice witness, was sufficient, and there was no error in the court failing to instruct the jury on section 1017.

■ Defendant complains of the action of the court in allowing Joe Hollis to testify: "West Hardy actually went into the depot building. He said he did not get anything; he told me he didn't." Plaintiff in error, recognizing the necessity of showing that the evidence complained of was harmful and prejudicial, says that this evidence was hearsay and was prejudicial to his case, because it was his contention that West Hardy and Joe Hollis alone committed the crime, and that he introduced evidence showing that after the burglary West Hardy was in the possession of money, and that therefore this hearsay testimony tended to refute his contentions. Counsel for plaintiff in error further says in his brief: "Said statement was further harmful and hurtful to plaintiff in error, for the reason that when the witness West Hardy was placed upon the stand he admitted getting the money out of the depot." However, we can not construe this evidence as making the admission of the testimony harmful, but it must necessarily make it harmless. This was the fact that the defendant contends he was trying to establish. Certainly for Hardy to admit it and contradict Joe Hollis, another witness for the State, was helpful to the contentions of the accused. While it is true that the evidence introduced was hearsay, we can not see where it was injurious to defendant. This ground therefore presents no reason for reversal of the judgment.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*