25126. WISE, *alias* WOODS, *v.* THE STATE.

DECIDED MAY 26, 1936.

*R. B. Giles, Lillie Scheck,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

MACINTYRE, J. ■ It appearing from the testimony of the two accomplices who were jointly indicted with the defendant, that the three of them entered into a conspiracy to commit the burglary charged in the indictment, the defendant doing the major portion of the planning, that all three of said parties went to the scene of the burglary, and the defendant waited near the building (apparently watching) while his two confederates broke into the building and took therefrom the automobile and sugar charged to have been taken, and that the defendant largely effected the sale of the loot and divided the proceeds therefrom; and the law being that "one may be legally convicted of a felony other than treason

364

or perjury, where the only evidence directly connecting him with the offense charged is the testimony of an accomplice, and where the only corroboration is the testimony of other accomplices" (*Pope* v. *State*, 171 *Ga.* 655, 156 S. E. 599; *Austin* v. *State*, 47 *Ga. App.* 217, 169 S. E. 729; *Wilson* v. *State*, 51 *Ga. App.* 570, 181 S. E. 134), this court is constrained to hold that the evidence supports the verdict finding the defendant guilty of burglary.

■ The court permitted the witness Guy Raines to testify that "Spain and Wood were with me in that burglary," over the objection that "it is irrelevant and immaterial, prejudicial, and illustrates no issue in this case at all." The phrase, "illustrates no issue," etc., means no more than that the evidence is "irrelevant and immaterial," and such an objection is too indefinite and general for this court to consider. *Kirkland* v. *Ferris*, 145 *Ga.* 93 (4 *a*) (88 S. E. 680); *Scott* v. *State*, 46 *Ga. App.* 213 (3), 216 (167 S. E. 210). The objection that the evidence was "prejudicial," without showing wherein it was harmful to the movant, was not good. *Hunter* v. *State*, 148 *Ga.* 566 (2) (97 S. E. 523); *Hayes* v. *State*, 36 *Ga. App.* 668 (1 *e*) (137 S. E. 860). There is no merit in the ground which avers that certain oral evidence was admitted over the identical objection stated in the preceding ground.

■ Another ground is as follows: "Because the court erred in failing to charge the jury on the third indictment, and because at the commencement of the trial it was stated there, and is so stated on page one of the brief of the evidence, that by agreement between counsel for the defendant and counsel for the State the three cases were tried together, but evidence was introduced as to two of the cases, and the court charged only as to two. No evidence was introduced as to indictment No. 42568, nor did the court charge the jury as to this indictment." The ground nowhere sets out any reason why the defendant was harmed by the failure of the court to charge upon an indictment which was not supported by any evidence, and does not even allege that such failure was harmful. The ground does not disclose reversible error.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*