### 29882.   ROZIER *v.* THE STATE.

DECIDED JANUARY 28, 1943.

*O. J. Franklin, A. R. Ross, Berner Williams,* for plaintiff in error.   *M. H. Boyer, solicitor-general,* contra.

MacINTYRE, J.  L. W. Rozier, with Dallas Rogers and Fred Coleman, was indicted for the larceny of certain black hogs, the property of Ozro Peacock.  The evidence authorized a finding that the hogs were in the field belonging to Peacock with other hogs owned by him.  Rozier conspired with Rogers and Coleman to go into this field, get five black hogs, and bring them to his house. Rogers and Coleman drove the hogs out of the field, and just before they arrived at the home of Rozier, where by agreement they were to take the hogs for Rozier, Rozier came out and helped drive the hogs into the lot and put them in a pen.  That night or shortly thereafter, Rozier with some of the others carried the hogs to Mr. Roland's place and put them in a pen.  The next morning he carried the hogs to Laurens County (Dublin, Georgia) where he sold them to a man by the name of Jessup, who operates a stock pen. Rozier, when apprehended, stated to Peacock and to a man named Horne that he had helped to pen the hogs and had sold them in Dublin to a man by the name of Jessup, under the assumed name of D. D. Evans; that he received the money for the hogs and on returning later settled with Rogers and Coleman for their part in the transaction.

Rozier was convicted. He contends, "That a new trial should be granted him in said case for the reason that the evidence is conflicting as to whether movant and the witnesses Dallas Rogers and Fred Coleman, jointly indicted with movant, are accomplices, and that by virtue of this the court erred in failing to instruct the jury that where evidence is conflicting as to whether one is an accomplice or not, and the question is left to the jury, they should be distinctly informed as to what is necessary to constitute one an accomplice."

" 'Where the only witness implicating the prisoners in the crime was himself avowedly guilty, the corroborating circumstances necessary to dispense with another witness must be such as go to connect the prisoner with the offense, and . . it is not sufficient that the witness is corroborated as to the time, place and circumstances of the transaction, if there be nothing to show any connection of the prisoners therewith except the statement of the accomplice.' *Childers* v. *State*, 52 *Ga.* 106, 107." *Newman* v. *State*, 63 *Ga. App.* 417 (11 S. E. 2d, 248). " 'One may be legally convicted of a felony other than treason or perjury, where the only evidence directly connecting him with the offense charged is the testimony of an accomplice, and where the only corroboration is the testimony of other accomplices' (*Pope* v. *State*, 171 *Ga.* 655, 156 S. E. 599." *Wise* v. *State*, 53 *Ga. App.* 363 (186 S. E. 142). "As the State did not rely wholly on the evidence of the alleged accomplice [singular number] to connect the accused with the offense, it was not incumbent upon the court, without request, to instruct the jury touching corroboration." *Robinson* v. *State*, 84 *Ga.* 674 (11 S. E. 544). "The point is made that the evidence did not demand the finding that both West Hardy and Joe Hollis were accomplices, and for that reason, even without a request therefor, the court erred in failing to give in charge section 1017 [Code of 1933 § 38-121]. Both of these parties testified against the defendant. The testimony of each corroborated the other. If they were both accomplices, their testimony was sufficient; if neither or only one was an accomplice, their testimony, whether as a witness or an accomplice witness, was sufficient, and there was no error in the court failing to instruct the jury on section 1017." *Wilson* v. *State*, 51 *Ga. App.* 570 (181 S. E. 134). ·

In the present case the corroborative evidence relied on by the

State was sufficient, to meet the requirements of the rules above-announced. The evidence authorized the verdict and there was no error in failing to instruct the jury on Code § 38-121 in the absence of a request. *Wilson* v. *State, Robinson* v. *State,* supra.. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. .Broyles, C. J., and Gardner, J., concur.*