## 32030.   UNDERWOOD *v.* THE STATE.

DECIDED SEPTEMBER 25, 1948.

*J. Roy Rowland*, for plaintiff in error.
*W. W. Larsen, Solicitor-General*, contra.

MacINTYRE, P. J. The defendant, O. E. Underwood, was tried and found guilty, on an indictment for burglary, in the Superior Court of Laurens County. Within the time required by law he filed a motion for a new trial with an amendment thereto, on the general and five special grounds, which after a hearing was overruled. To the judgment overruling his motion for a new trial he excepts.

■ Grounds one, two, and three of the amendment to the motion for new trial complain of the court's ruling upon the admissibility of evidence, but do not state the name of the witness whose testimony was admitted. This court and the Supreme Court have each ruled more than once that grounds in a motion for a new trial complaining of the admission or exclusion of evidence should show, in order to be complete, the name of the witness whose testimony was admitted or excluded. *Hunter* v. *State,* 148 *Ga.* 566 (1) (97 S. E. 523); *Williams* v. *State,* 186 *Ga.* 251, 260 (197 S. E. 838); *Burke* v. *State,* 76 *Ga. App.* 612 (47 S. E. 2d, 116). Hence, these grounds do not properly present any question for the consideration of this court.

■ Ground four of the amended motion for a new trial in its entirety is as follows: "Because upon the trial of said case the court erred in admitting in evidence over the objection of the defendant, upon the ground of hearsay, the following testimony, to wit, by the sheriff: 'Yes, I recognize that fan. Mrs. Ed Underwood gave it to me where I found it—she said it was in her apartment in Savannah. I told her I wanted the fan that Speck brought there, and she went in a closet and opened the door and got that fan and gave it to me. I found that in the possession of O. E. Underwood in Savannah. When this house was burglarized there was reported a fan and a radio stolen; and when I recovered it I took it before Mrs. Robinson to see if it was her property. One of the defendants, Red Sikes, said that looked like the fan he got out of her home.' "

An objection made generally to the introduction of specified evidence as a whole is not well taken when some of it is admissible. *Ray* v. *Camp,* 110 *Ga.* 818, 820 (3) (36 S. E. 242); *Sweeney* v. *Sweeney,* 119 *Ga.* 76, 82 (3) (46 S. E. 76, 100 Am. St. 159); *Armour Fertilizer Works* v. *Dasher,* 23 *Ga. App.* 189, 190 (4) (98 S. E. 105), and citations. Applying this rule, a part of the

testimony here objected to is unquestionably not hearsay and the ground is not meritorious.

■ The court charged the jury that, "should you find that the defendant is guilty beyond a reasonable doubt, the form of your verdict would be: We, the jury, find the defendant guilty, and fix his punishment as follows: minimum so many years, and maximum so many years; that is, giving the lesser and greater number of years that you would want him to work in the penitentiary. In that connection, the law at this time requires the juries to fix the minimum and maximum sentences in felony cases. A minimum sentence is a sentence a prisoner generally serves before he is discharged, provided he makes a good prisoner. For instance, if you sentenced a man from 1 to 20 years, it would mean he would serve 1 year, provided he has been a good prisoner; and if you sentenced him from 10 to 20 years, it would mean he would serve 10 years, provided he has been a good prisoner. Should you find the defendant guilty, you would have a right to fix a minimum of 1 year and a maximum of 20 years, or a minimum and a maximum of any number of years that intervene between 1 and 20, or a minimum of 20 and a maximum of 20; it is purely in your discretion. The court uses those illustrations only for your guidance in applying the principle of the alternate sentence law."

To this instruction the defendant excepted in ground five of the amended motion, in that "it was not a correct statement of the alternate-sentence law, and tended to influence the jury in fixing a minimum and a maximum sentence, and was prejudicial to the defendant, in the fixing of a minimum and maximum sentence."

The instant case is covered by division six of the Policies, Rules and Regulations of the State Board of Pardons and Paroles under what is termed "Conditional Releases," as follows: " 'Definition: Conditional release is a form of order selected by the board in releasing felony prisoners who have completed the service of their minimum sentence with good institutional conduct record. This form of release is automatic when the requirements are met, whereas parole is a discretionary act of the board. Those prisoners who are discharged from prison by order of 'conditional release' remain under the jurisdiction of the Board of Pardons and Paroles, subject to rearrest and other rules governing parole

until the maximum sentence date.' In explanation of conditional release, the board states in its rules and regulations the following: 'Explanation: The Conditional release order was chosen by this Board as a form of release for those prisoners who have completed their minimum sentence with good institutional conduct record, based on the ruling of the Attorney General, which is, in part, as follows: 'It is my opinion that the General Assembly, in making provision that the jury should fix a minimum and maximum term within the term prescribed by law, intended that each and every prisoner abiding by the rules of the State Prison authority should expect to be and would be released upon completion of the minimum term set by the verdict of the jury.' " *Todd* v. *State,* 75 *Ga. App.* 711, 718 (44 S. E. 2d, 275). Therefore we think that the illustrations given the jury by the judge for their guidance in applying the principles of the alternate sentence law did not influence the jury to the prejudice of the defendant in fixing the minimum and maximum sentence, and that the charge was not error for the reason assigned. If a more elaborate explanation of the operation of the indeterminate sentence was desired, a special request should have been made to the court. This assignment of error was not meritorious.

■ It is unnecessary to relate the evidence in detail. Suffice it to say that the testimony of his two accomplices directly connected the defendant with the offense of burglary charged in the indictment and was sufficient to support the verdict of guilty. *Pope* v. *State,* 171 *Ga.* 655 (156 S. E. 599) ; *Rozier* v. *State,* 68 *Ga. App.* 797, 798 (24 S. E. 2d, 137). However, in this case there was other supporting evidence.

The evidence authorized the verdict and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*