## 57036. FLOYD v. THE STATE.

DEEN, Presiding Judge.

1. The defendant Floyd was convicted of aggravated assault following an altercation between him and the former husband of a woman whose home he was leaving. The husband, who lived in a detached building at the rear of the lot, was mowing the front lawn at the time. The evidence is disputed as to which man first attacked the

---

other, but the victim testified that Floyd went to his car, took a pistol from the floorboard, and shot him three times. The defendant admitted the shooting, which he contended was in self-defense. A finding that this was done in self-defense is not demanded, and the verdict of guilty is accordingly supported by sufficient evidence.

2. Enumerations of error 4, 5, 6, 7 and 8 complain of failures on the part of the court to charge the jury on their duty to reconcile the testimony of the various witnesses, on the effects of contradictory and equivocal testimony, on impeachment of witnesses, and on the credit to be given an impeached witness. None of these alleged oversights was called to the attention of the trial judge, by request or otherwise. It is now well established that failure of a criminal defendant to request a charge on a collateral issue, or to object to the omission to charge, or otherwise to call the court's attention to what has been left out, is usually decisive against him. *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859) (1975); *Mercer v. State,* 146 Ga. App. 143, 145 (245 SE2d 492) (1978). The ruling has been specifically applied to omissions to charge on the impeachment of witnesses. *Tanner v. State,* 228 Ga. 829 (8) (188 SE2d 512) (1972). All these complaints deal in one way or another with the effects of contradictory testimony, and in none was the failure to give the instruction contended for error in the absence of request. It might be added that the prosecutor's testimony that he approached the defendant's car for the purpose of taking cover after being shot in the eye is by no means so inherently incredible as the defendant seeks to have us believe.

*Judgment affirmed. McMurray and Shulman, JJ., concur.*

ARGUED JANUARY 8, 1979 — DECIDED FEBRUARY 1, 1979 — REHEARING DENIED FEBRUARY 26, 1979 —

*Frank G. Wilson,* for appellant.

*W. Donald Thompson, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.