## 59799. SMITH v. THE STATE.

Quillian, Presiding Judge.

Carson Smith, Charlie Jennings and Richard Bierly were jointly indicted for the offense of theft by taking. Defendant Smith appeals from a jury verdict of guilty based principally upon the testimony of Jennings and Bierly. *Held:*

1. The defendant contends the trial court erred in failing to direct a verdict of not guilty or enter a judgment of acquittal because of insufficient corroboration of the accomplices' testimony. We do not agree. It is settled law in this State that the testimony of one accomplice may be corroborated by the testimony of another accomplice. *Hackney v. State,* 233 Ga. 416 (7) (211 SE2d 714); *Jones v. State,* 235 Ga. 103 (3) (218 SE2d 899); *Baker v. State,* 238 Ga. 389 (1) (233 SE2d 347) (cert. den. 431 U.S. 970). Accordingly, this enumeration is without merit. Furthermore, each accomplice testified that the defendant stated that he would start a fire on the opposite side of town to draw the police away from the site of the larceny. A police officer testified that he received a call at about 1:30 a. m. on the "police phone" of a fire at the approximate time when the accomplices were committing the larceny. The officer was puzzled as to why the caller did not use the "fire phone," and found no fire at that site. When he was returning to the police station the defendant "pulled up behind him." Slight evidence from an independent source, identifying the defendant as a participant in the scheme can be sufficient corroboration of the testimony of one accomplice. *Birt v. State,* 236 Ga. 815, 826 (225 SE2d 248). The sufficiency of corroborating evidence is a matter for determination by the jury. *Slocum v. State,* 230 Ga. 762 (3) (199 SE2d 202). This evidence was sufficient to support the finding of the jury. The court did not err in refusing to direct a verdict of not guilty or a judgment of acquittal.

2. The general grounds are without merit. The testimony of the two accomplices and the independent testimony of the police officer

was sufficient to enable a rational trier of the facts to find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. The last enumeration of error alleges the trial court erred "in failing to charge the principles of law concerning accomplices and corroboration of their testimony even though written request for charge was not made . . ."

"Where the State does not rely solely upon the evidence of an accomplice to connect the accused with an offense, it is not incumbent upon the court, without request, to instruct the jury touching corroboration." *Williams v. State,* 40 Ga. App. 217 (1) (149 SE 292); *Rozier v. State,* 68 Ga. App. 797, 798 (24 SE2d 137); *Carter v. State,* 227 Ga. 788 (5) (183 SE2d 392). As the state introduced the testimony of a police officer that defendant was seen near the reported site of a nonexistent fire at approximately the same time as one of the thefts — which corresponded with the scheme testified to by both accomplices, the prosecution did not rely solely upon the testimony of an accomplice.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED APRIL 10, 1980 — DECIDED MAY 2, 1980 —
REHEARING DENIED MAY 28, 1980.

*Frank B. Hester, Dock H. Davis,* for appellant.
*William F. Lee, Jr., District Attorney, Michael G. Kam, Assistant District Attorney,* for appellee.