### 59784. HARPER v. THE STATE.

BIRDSONG, Judge.

Appellant Johnny Harper, with Randall Carter (see *Carter v. State,* 155 Ga. App. 49 (1980)) was convicted of voluntary manslaughter in the death of Roger Simmons. He enumerates eight alleged errors of the trial court. *Held:*

1. Appellant contends that the verdict of guilt and sentence for manslaughter is contrary to the law and the evidence, is without evidence to support it, and is contrary to justice and equity. We disagree. The evidence shows that the deceased Roger Simmons was noisily playing with younger boys in the Gowan front yard diagonally across the street from the Harper residence. Simmons was known to behave oddly at times, when he was "not at himself," and sometimes seemed retarded. The police came and asked the group to quiet down; there was evidence that after the police left, Simmons accused appellant's father of calling the police, and hurled an insult to appellant's father across the street. Appellant's father, who had been drinking, got a baseball bat from a car in his yard but was restrained by members of his family, who hollered to Simmons that "if you want to fight, fight us, not him [the father]." Members of the Harper family crossed the road and went up the street to the Gowans' front yard and started fussing with Simmons. A friend of Simmons urged Simmons

to leave, as there were too many of the others, but Simmons persisted in the argument. Randall Carter, a cousin of appellant Harper, took the baseball bat which appellant's father had and swung at Simmons, who allegedly also had picked up a baseball bat. According to one witness (who had thought Simmons seemed retarded), three or four members of the Harper family, including the father, were fighting, kicking and hitting Roger Simmons. This witness did not see appellant Johnny Harper hit Roger Simmons. Appellant testified that he gave his knife to Randall Carter when he heard others say that Simmons had a knife. Appellant's sisters testified appellant gave his knife to Randall Carter and said "use it if you have to." Simmons was stabbed to death. The entire incident took place in the Gowans' front yard, in the ditch and at the edge of the road on the Gowans' side of the street. It was appellant's knife that was used to kill Simmons. This evidence is such that a reasonable trier of fact could rationally have found from the evidence proof of appellant's guilt of voluntary manslaughter. *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). Whether the appellant was a party to the crime and aided and abetted Randall Carter in the slaying of Roger Simmons, or intentionally advised, encouraged, or counseled Carter to commit the crime (Code Ann. § 26-801 (b)) is a question of fact for the jury; the jury found it so beyond a reasonable doubt and the evidence supports that finding. See *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131). The verdict was not contrary to the evidence or the law.

2. Appellant's second enumeration of error has been decided, on the same facts, adversely to appellant in Division 1 of *Carter v. State,* supra.

3. In enumerations of error 3 and 7, appellant complains that a state's witness was allowed to testify that Randall Carter made the statement "I cut him." Appellant contends the trial court erred in failing to advise the jury at the time the statement was received in evidence and in its charge that this statement applies only to Carter and that the jury could not consider the statement against appellant. We find no error. In this joint trial, the statement itself obviously refers only to Carter and not to appellant; it does not of itself suggest any complicity by the appellant. Incrimination of the appellant comes from other evidence in the case. In fact, in the circumstances of this case, it would have been an improper limitation upon the evidence to advise the jury that a statement by Carter concerning his own participation in the killing could not be considered against Harper, as this would in effect remove from the jury consideration of whether Harper aided and abetted, or encouraged the act described in the statement.

4. In enumeration 4, appellant contends that the trial court

erred in charging: "If you believe . . . beyond a reasonable doubt . . . that the *defendant, or either of them,* did . . . kill Roger Simmons [in the circumstances constituting voluntary manslaughter], then . . . you would be authorized to find the *defendants, or either of them,* guilty of voluntary manslaughter. However, if you have a reasonable doubt that the *defendants, or either of them,* are guilty of . . . voluntary manslaughter, it would be your duty to give him the benefit of that doubt and to find him not guilty." (Emphasis supplied.) Enumeration 5 calls error to the charge: "Should you find the *defendants, or either of them,* not guilty of the crime of voluntary manslaughter . . . you would be authorized to consider under the evidence whether or not the *defendants, or either of them,* did . . . commit the lesser offense of involuntary manslaughter. . . ." (Emphasis supplied.)

Appellant contends this charge instructs the jury that if either Carter or Harper killed the deceased, then both could be found guilty of voluntary manslaughter, and that if either Carter or Harper was found not guilty of voluntary manslaughter he could be convicted of involuntary manslaughter while the other could still be convicted of voluntary manslaughter, i.e., resulting in inconsistent verdicts.

We find no reversible error. In the full charge to the jury, the trial court carefully and correctly instructed on the burden of the state as to each defendant, on the principles of parties to a crime, that mere presence was insufficient to convict, and that if any reasonable doubt existed as to either defendant, that defendant should be acquitted. The quoted part of the charge was not misleading except by construction, and in view of the clarity of the charge as a whole, it is unlikely that the quoted portion would mislead a jury of ordinary intelligence. *Thomas v. Barnett,* 107 Ga. App. 717 (5) (131 SE2d 818). Moreover, if appellant was dissatisfied with the court's instructions, it was incumbent upon him to make his objections and give the trial court an opportunity to correct the mistake. *Pitts v. State,* 141 Ga. App. 845 (3) (234 SE2d 682); *Martin v. State,* 132 Ga. App. 658 (3) (209 SE2d 103). No objection to the charge was made in this instance, and we see no grounds for reversal. See *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859).

5. Appellant contends the trial court erred in charging the principles of mutual combat without instructing that the charge related only to Carter. We do not agree. The jury is capable and charged with the duty of determining whether any of the evidence placed appellant Harper in mutual combat with the deceased. Moreover, appellant requested the charge of mutual combat without such distinction as he now claims he was entitled to; he agreed before trial to the charge as it was given, and made no later objection. *Floyd*

*v. State,* 149 Ga. App. 164, 165 (2) (253 SE2d 780); *Drake v. State,* 142 Ga. App. 14, 16 (234 SE2d 825).

6. Finally, appellant contends the trial court erred in charging the principle of flight. The evidence showed that after the killing, the appellant returned to the Harper house, but by the time the police arrived, he had gone to his grandmother's house. When contacted there, he at first denied having been at the Harper house at all, but very shortly appellant agreed to return to the Harper house. Whether this evidence constitutes flight is a jury question and the jury was entitled to be instructed as to the principles involved. *Nair v. State,* 236 Ga. 892, 894 (226 SE2d 61).

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED APRIL 8, 1980 — DECIDED SEPTEMBER 19, 1980.

*Robert E. Andrews,* for appellant.

*Jeff C. Wayne, District Attorney, Thomas M. Cole, Assistant District Attorney,* for appellee.

