63864. CHRISTOPHER v. THE STATE.

BIRDSONG, Judge.
Armed robbery. Joe M. Christopher was convicted as a principal of the offense of armed robbery and sentenced to serve 10 years. He enumerates as error the general grounds and the failure to charge on accomplice testimony. *Held:*

1. As to the general grounds, the jury was warranted in concluding that Loretta and Robert Reeves were friends of Christopher and that the three friends were driving in the countryside in Christopher's car. Christopher, who was driving,

suggested they could rob a small gas and convenience store with relative ease because the proprietor was an invalid and restricted to a wheelchair. Christopher parked the car outside the store with the motor running. Because Christopher was well known to the store owner and probably would be recognized, he stayed in the car. The Reeves had their seven-month-old child with them and Christopher held the infant while the Reeves went into the store. William Reeves held a gun (furnished by Christopher) at the head of the victim and removed all cash, both coins and currency, from the register. As the Reeves fled the store, a third party arrived. This third party saw a car outside the store with a bearded man seated in the driver's seat (the appellant was then bearded) and saw a man and woman exiting the store and entering the stationary car. The car then drove off. When the third party entered the store he ascertained that the owner had just been robbed. A bulletin was placed on the police radio net describing the car and the occupants (two white males and a white female). A car of the general description and containing the requisite passengers was shortly thereafter stopped but only after the driver attempted to evade a roadblock. When the occupants were arrested, a pistol similar in description to the one used in the robbery was found in the car and a folded wad of currency along with many coins was found in the front floorboard of the car. Thereafter, Mr. and Mrs. Reeves entered pleas of guilty to the robbery and each testified at Christopher's trial substantially as indicated above. Christopher disputed this version of the facts. He asserted that Mrs. Reeves had been in Christopher's trailer alone on an earlier occasion and apparently had obtained the gun used in the robbery but without his knowledge or consent. He admitted being at the store when the robbery took place but thought that the Reeves had gone in to buy a pack of cigarettes and did not know a robbery had taken place until the car was stopped at the roadblock. He also denied knowing that there was a gun or money in the floorboard of the car and further denied that he tried to avoid the roadblock.

Though the evidence was contested, we will not speculate as to what evidence the jury chose to believe or disbelieve. On appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. *Mills v. State,* 137 Ga. App. 305, 306 (223 SE2d 498); *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146). Although the evidence was in conflict on the issue, it was for the jury to resolve such conflicts in the testimony. The jury resolved this conflict in favor of the state, and this court will not substitute its judgment for that of the jury. *Dade v. Dade,* 213 Ga. 533 (1) (100 SE2d 181). We find the evidence in this case viewed in the light most favorable to the verdict, supports a finding by a rational

trier of fact of the essential elements of the crime charged beyond a reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). This enumeration lacks merit.

2. Upon consideration of appellant's complaint that the trial court erred in failing to charge fully on the law of accomplices, we likewise find this enumeration to be without merit. Appellant did not request such a charge and when offered the opportunity to object to the charge as given or request additional charges, appellant stated he was satisfied with the charge as given. See *Cherry v. State,* 38 Ga. App. 388 (144 SE 50); see also *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859); *Floyd v. State,* 149 Ga. App. 164, 165 (2) (253 SE2d 780). Moreover, the state did not rely solely on the testimony of the accomplices. Appellant admitted being present at the scene of the robbery. A person fitting his description was observed driving the "getaway" car and he was arrested, after seeking to avoid apprehension, in a car containing the stolen cash, currency and coins, as well as the gun utilized in the robbery. Because the state did not rely solely on the evidence of the accomplices to connect the accused Christopher to the armed robbery, it was not incumbent upon the court, without a request, to instruct the jury as to the credibility or corroboration of the accomplice testimony. *Smith v. State,* 154 Ga. App. 741, 742 (3) (270 SE2d 5).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JUNE 17, 1982.

*Claude S. Beck,* for appellant.
*V. D. Stockton, District Attorney, W. Brek Barker, Assistant District Attorney,* for appellee.