## 66509. TEAGUE v. THE STATE.

POPE, Judge.

Appellant appeals his conviction for the offense of robbery by sudden snatching and the subsequent denial of his motion for new trial.

1. Appellant's initial enumeration of error asserts that the trial court erred in refusing to grant his plea of double jeopardy (autrefois acquit), thereby dismissing the robbery indictment against him. The plea was grounded upon his claim that proceedings brought to revoke the probation of his previous sentence for forgery were based on the same allegations as those contained in his indictment on the robbery charge and terminated with a ruling in his favor by the court declining to revoke probation. It is appellant's contention that because the state failed to produce the quantum of evidence necessary to support a revocation of probation, the doctrine of collateral estoppel precludes a subsequent trial on the robbery charge. We disagree.

"A revocation hearing is not a criminal trial." *Baltimore v. State,* 165 Ga. App. 741, 742 (302 SE2d 427) (1983). In a revocation hearing, " the defendant is not in the position of one accused by indictment, even though the probationary condition alleged to have been violated is the commission of a crime against the State." *Johnson v. State,* 214 Ga. 818, 819 (108 SE2d 313) (1959).

In determining whether probation revocation is authorized and appropriate, the judge is the trier of facts and, so long as there is slight evidence to support an order of revocation, the judge is afforded a very wide discretion. " 'This discretion ". . . takes into account the law and the particular circumstances of the case and is directed by the reason and conscience of the judge to a just result." [Cit.]' " *Scott v. State,* 131 Ga. App. 504, 505 (206 SE2d 137) (1974). It logically follows that the trial court is authorized the same discretion in refusing to revoke probation. The exercise of such discretion in declining to revoke probation should not be viewed as, and is in no way an adjudication of, the allegations sufficient to constitute an acquittal in a criminal prosecution or any form of final judgment which would act as a bar to a subsequent prosecution. "[A] criminal prosecution and a probation revocation proceeding based on the same occurrence actually have nothing to do with each other. . . ." *Aldridge v. State,* 155 Ga. App. 916, 917 (273 SE2d 656) (1980). Thus, the trial court committed no error in denying appellant's plea of double jeopardy or collateral estoppel.

2. Appellant next argues that his motion for new trial should have been granted due to the state's failure to produce or to disclose the existence of the written statement of a witness, Anthony White, in light of appellant's filing of discovery motions pursuant to Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). At the outset, we note that appellant's motion to produce was filed on the day the trial began and was, therefore, untimely. See *Williams v. State,* 142 Ga. App. 764 (8) (236 SE2d 893) (1977). A separate Brady motion was filed at the same time. When the testimonial evidence revealed that White had made two statements, one inculpatory and one exculpatory, the assistant district attorney stated to the court that he had no knowledge of the exculpatory statement.

Pretermitting the issue of the state's failure to provide appellant with a copy of White's exculpatory statement is the question of whether this adversely affected appellant's defense. Anthony White testified at trial and disavowed the contents of the inculpatory statement. Instead, his testimony supported appellant's alibi defense.

"The '[appellant] . . . has the burden of showing that the evidence withheld from him so impaired his defense that he was denied a fair trial within the meaning of the Brady Rule.' *Potts v. State,* 241 Ga. 67, 74 (243 SE2d 510) (1978). Here, the exculpatory information was not withheld from the jury. The complaint is that it was not furnished in response to a discovery request. How has the failure to furnish the [appellant] the evidence in advance of trial impaired his defense? It has not been shown. If it is [appellant's]

contention that additional time for investigation would have enhanced his defense, the proper motion would have been for an adequate recess...." *Wallin v. State,* 248 Ga. 29, 33-4 (279 SE2d 687) (1981). We find no such motion and, further, no showing that appellant's defense was impaired or his right to a fair trial denied.

3. Appellant next enumerates as error the trial court's refusal to charge the jury on the lesser included offense of theft by taking. Claiming that his written request to give such charge was warranted by the evidence, appellant cites as error the trial court's failure to grant his motion for new trial on this ground.

"A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another: ... (3) By sudden snatching." OCGA § 16-8-40(a) (3) (Code Ann. § 26-1901). "A person commits the offense of theft by taking when he unlawfully takes ... any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken...." OCGA § 16-8-2 (Code Ann. § 26-1802). The state's evidence showed that, after closing her employer's convenience store for the night, the employee-victim walked to and entered her car, which was parked nearby. She was carrying the daily receipts contained in a paper bag, such receipts totaling around $600 in money, checks, food stamps, and gasoline credit card slips. Before she could close the car door, a man grabbed her left arm, leaned inside the car and across her to grab the bag which was either still in her right hand or placed on the seat next to her. The perpetrator then took the bag and ran around the side of the store and away. Appellant's evidence centered on his alibi defense, that he was attending a party miles away from the store at the time the bag was taken.

"Robbery always involves theft or attempt at theft, and theft always involves the taking, obtention, or appropriation of the property of another. It follows therefore that theft by taking, or the intent to commit this act, will generally be involved where the property is removed from the person of another. Under these circumstances the evidence may often be such as to require the court to charge both the greater and the lesser offense. Where, however, as here, the State's evidence requires a verdict of guilty of robbery by sudden snatching, and the defendant's evidence if believed would require an acquittal on the ground of mistaken identity, it is not error to fail to charge on the offense of theft by taking. *Hill v. State,* 229 Ga. 307 (191 SE2d 58) [(1972)]." *Hinton v. State,* 127 Ga. App. 108 (192 SE2d 717) (1972).

4. Appellant contends that the trial court erred in overruling, without an evidentiary hearing, his motion in limine requesting

exclusion of certain statements by appellant and by Mathilda Golley. Appellant's motion, as reflected by the record, was filed on April 20; trial began on April 19. Appellant's assertion of error is based upon the trial court's overruling his motion during the course of the state's opening statement. The transcript contains only the objections raised and counsel's exchange with the court during the opening statement. It is, therefore, impossible to review any reference to any of the statements complained of.

The trial court overruled the motion at that time "with the provision that during the course of the trial as the Court hears the evidence, if it's inadmissible evidence [at] that time, the Court will rule it out and so instruct the jury." The judge went on to then explain to the jury that opening statements of counsel are not evidence, simply contentions which must be borne out by competent evidence.

"A motion in limine is a pretrial motion which may be used two ways: 1) The movant seeks, not a *final* ruling on the admissibility of evidence, but only to prevent the mention by anyone, during the trial, of a certain item of evidence or area of inquiry until its admissibility can be determined *during the course of the trial* outside the presence of the jury. [Cits.] 2) The movant seeks a ruling on the admissibility of evidence prior to the trial. The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial." *State v. Johnston,* 249 Ga. 413, 415 (291 SE2d 543) (1982). It was, thus, within the trial court's discretion to withhold a ruling until the statements were offered as evidence at trial. See *Wiggins v. State,* 249 Ga. 302 (1b) (290 SE2d 427) (1982).

Appellant apparently complains that decisions on the admissibility of appellant's statement and Mathilda Golley's statements required an evidentiary hearing outside the presence of the jury. We note first that appellant was afforded a proper Jackson-Denno hearing and his statement was not admitted. Also, when Mathilda Golley's first statement (State's Exhibit 3) was offered while she was a witness, appellant's counsel *stated* that he had no objection to its admission. See *Yarbrough v. State,* 151 Ga. App. 474 (2) (260 SE2d 369) (1979); *Abrams v. State,* 144 Ga. App. 874 (1) (242 SE2d 756) (1978).

When Ms. Golley was questioned on the contents of her second statement (State's Exhibit 4) made to supplement her first, appellant's counsel objected. The basis for his objection was, however, the state's asserted failure to comply with his motion to produce. As explained in Division 2, supra, appellant's motion was untimely; thus, no ground was shown for precluding its admission under this objection. Moreover, the state's use of the statement was

provoked by Ms. Golley's contradictory testimony regarding the first statement. Appellant thoroughly cross-examined Ms. Golley and, after redirect, recrossed. The second statement was not admitted and the jury was charged on the lack of evidentiary value to be accorded a statement made with the slightest hope of benefit or fear of injury. Any error by the trial court in failing to hold an evidentiary hearing to determine the admissibility of Ms. Golley's second statement was, under the factual posture of this case, harmless and presents no ground for reversal.

5. Error is next assigned to the trial court's admission of certain testimony of Officer Whitsett regarding his conversation with an employee of the credit agency through which appellant had financed his car wherein Whitsett was told that appellant made a car payment of $350 on the Monday following the Saturday night robbery. Later testimony by several witnesses, including appellant, corroborated this. The trial court admitted Whitsett's testimony for the limited purpose of explaining the officer's conduct in the continuing investigation of the robbery. Limiting instructions were given and we find no error. See OCGA § 24-3-2 (Code Ann. § 38-302); *Gaskins v. State,* 250 Ga. 386 (4) (297 SE2d 729) (1982).

6. Appellant asserts that the evidence was insufficient to support the verdict. Construing the evidence in the light most favorable to the verdict (see *Christopher v. State,* 162 Ga. App. 626 (1) (292 SE2d 478) (1982)), the following facts were adduced at trial: On Saturday night, a convenience store employee was robbed of the store's daily receipts totaling a value of approximately $600, including cash and food stamps in denominations of $5.00. Although unable to identify the man who took the receipts, the employee testified that he ran in the direction of a nearby Sing Oil Service Station. Appellant's car was spotted by police as it was parked at that station a short time before the robbery, but it was gone a short time later when the same officers passed the station in response to the call reporting the robbery. Ms. Golley testified that appellant, her boyfriend, came to her house at a time within an hour after the robbery, told her that he had hit a store, and asked her to hold $358 in cash for him. On the following Monday, appellant, who was receiving unemployment compensation, used cash to obtain a cashier's check for $350 and made a car payment in that amount. An employee of another convenience store stated that appellant made a purchase on Sunday or Monday following the robbery using a $5.00 food stamp. The stamp was accepted in contravention of store policy that no loose stamps be taken. The employee's supervisor was then notified about the use of the stamp by appellant. The supervisor called the police and relinquished the stamp to them, whereupon it was found that it

had not been issued to appellant. " 'Issues regarding credibility of witnesses must be resolved solely by the jury. (Cit.) In this instance the jury, obviously, chose to believe the state's witnesses.' *Redd v. State,* 154 Ga. App. 373 (1) (268 SE2d 423) (1980). After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Curry v. State,* 162 Ga. App. 71 (1) (290 SE2d 179) (1982).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 30, 1983 —
REHEARING DENIED DECEMBER 15, 1983 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*B. Ray Holland, Jr.,* for appellant.
*Thomas H. Pittman, District Attorney, Arthur W. Leach, Assistant District Attorney,* for appellee.