A90A1076. THE STATE v. JONES.
(397 SE2d 209)

POPE, Judge.
Defendant Gerald Dexter Jones was indicted for armed robbery.

Subsequently, defendant's probation officer in a previous criminal case, to which defendant pled guilty, petitioned the state court to revoke the sentence of probation imposed in this earlier case on the ground defendant had violated the terms of his sentence by committing the alleged armed robbery. After an evidentiary hearing the State Court judge refused to revoke probation and entered an order stating: "The Court does not find violation [of the terms of probation]." In the armed robbery case now before us, the superior court granted defendant's plea in bar and ruled that the adjudication in favor of defendant in the probation revocation hearing serves as collateral estoppel of the issues presented in the case. The State appeals.

This court has previously ruled that a ruling in favor of the accused in a probation revocation hearing does not serve as collateral estoppel to preclude a subsequent trial of the criminal charge which formed the basis of the revocation proceeding. See *Teague v. State*, 169 Ga. App. 285 (312 SE2d 818) (1983); cf. *Harvill v. State*, 190 Ga. App. 353, 354 (1) (378 SE2d 917) (1989) (in which we held that issues decided adversely to a probationer in a revocation proceeding do not preclude the individual, as defendant in a subsequent criminal trial, from obtaining a ruling on those issues by the trial court). Defendant argues that the ruling in *Teague* no longer applies because the quantum of proof necessary to revoke probation has been changed since that case was decided. At the time *Teague* was decided, only "slight evidence" of violation of the probation sentence was necessary to justify revocation of probation. *Teague*, supra at (1). Now, pursuant to OCGA § 42-8-34.1 (a), effective April 14, 1988, probation may be revoked only if violation of probation is shown by a preponderance of the evidence. While this new statute imposes a more rigorous standard for revoking probation, it does not affect the rule that a ruling in favor of the probationer, continuing rather than revoking his probation, has no collateral estoppel effect in a subsequent criminal trial. Simply because probation was continued does not necessarily mean the court found no violation of probation. According to OCGA § 42-8-38 (c), the revocation or continuance of probation is still within the discretion of the trial court so long as a ruling to revoke is based on at least a preponderance of the evidence, as required by OCGA § 42-8-34.1 (a). In deciding whether to revoke or continue probation the judge may take into consideration other circumstances and may be "directed by [his own] reason and conscience . . . to a just result." *Scott v. State*, 131 Ga. App. 504, 505 (206 SE2d 137) (1974).

Here, the trial court which ruled on the petition for revocation stated in its order it did "not find violation." Even this finding does not serve as collateral estoppel of the issue of defendant's guilt or innocence of the crime for which he is charged in this subsequent case. What is at issue in a probation revocation hearing "is punish-

ment for the crime for which the defendant was convicted in the first instance. . . . At the hearing to determine whether or not the probation should be revoked, the defendant was not on trial to determine whether or not he was guilty [of the subsequently charged crime]." *Johnson v. State*, 214 Ga. 818, 819 (108 SE2d 313) (1959). "The exercise of . . . discretion in declining to revoke probation should not be viewed as, and is in no way an adjudication of, the allegations sufficient to constitute an acquittal in a criminal prosecution or any form of final judgment which would act as a bar to a subsequent prosecution." *Teague*, supra at 286. The trial court erred in granting defendant's plea in bar.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 18, 1990.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellant.
*Albert M. Pearson III*, for appellee.