## A94A0468. ANDERSON v. THE STATE.
### (441 SE2d 268)

McMurray, Presiding Judge.

Defendant was on probation for selling cocaine. The State sought the revocation of defendant's probation on the ground that he had been found in possession of cocaine with intent to distribute. The trial court revoked defendant's probation and he filed an application for a discretionary appeal. We granted defendant's application and this appeal followed. In his sole enumeration of error, defendant asserts the evidence was insufficient to support the revocation of his probation. *Held*:

The following evidence was adduced upon the revocation of probation hearing: The police executed a "no-knock" search warrant at a house leased by Lucille Anderson, defendant's mother. Pursuant to their search, the police found a quantity of crack cocaine in a film box. They also found approximately $1,600 or $1,700. The box and the money were discovered on or near defendant's mother's bed. Defendant's mother, defendant's brother, defendant, and another individual were in close proximity when the police entered the house. Defendant, his brother, and the other individual were standing; defendant's mother was sitting in a chair (she was very obese and found it difficult to move about). Defendant, his mother and his brother had all been convicted previously of drug violations. Defendant's brother ran out of the house; defendant and the other individual remained standing where they were. Defendant did not live in the house; he lived elsewhere with his girl friend. He told the police that he was working on the day of the raid. Nevertheless, he was arrested and searched; nothing was found on his person. The investigating officer testified that he never saw defendant at the house during the period of time it was under surveillance.

There was "slight" evidence that defendant committed the alleged violation; but there was not a "preponderance" of evidence. See OCGA § 42-8-34.1 (a). See generally *State v. Jones*, 196 Ga. App. 896, 897 (397 SE2d 209). Boiling the evidence down, we find a previously convicted drug violator in his mother's house when the police executed a search warrant, nothing more. Defendant's mother was a previously convicted drug violator too; the cocaine and money were in defendant's mother's possession; nothing was found on defendant's person. During the period of time in which the house was under surveillance, defendant had not been seen entering or leaving the house. In our view, this evidence did not establish by a preponderance of the

evidence that defendant violated his probation by possessing cocaine with intent to distribute. See *Parker v. State*, 155 Ga. App. 617 (271 SE2d 871) (mere presence in and of itself will not justify a conviction).

*Judgment reversed. Pope, C. J., and Smith, J., concur.*

DECIDED MARCH 8, 1994.

*W. Donald Kelly*, for appellant.
*Alan A. Cook, District Attorney*, for appellee.