S94A0835. McILWAIN v. THE STATE.
(445 SE2d 261)

CARLEY, Justice.

After a jury trial, appellant was found guilty of felony murder, the underlying felony being aggravated assault, and she was sentenced to life imprisonment. She was also found guilty of theft by taking and given a concurrent sentence of ten years. Her motion for new trial was denied and she appeals.[1]

1. Although appellant does not enumerate the general grounds, we have reviewed the evidence. The victim's body was never found, but appellant's confession, along with other evidence such as the condition of the crime scene and the testimony of the medical examiner, was sufficient to prove the essential elements of the crimes charged beyond a reasonable doubt. White v. State, 263 Ga. 94 (1) (428 SE2d 789) (1993); Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also Chancey v. State, 256 Ga. 415, 421 (1) (c) (349 SE2d 717) (1986).

2. Relying upon Salisbury v. State, 221 Ga. 718 (2) (146 SE2d 776) (1966), appellant contends that the trial court erred by failing expressly to withdraw a burden-shifting charge and then to instruct the jury to disregard that charge.

The specific charge is as follows:

If you decide that the person is not guilty beyond a reasonable doubt of malice murder, for instance, in count one, you may and are authorized to find her guilty of the lesser-included offenses.

Although appellant contends that this charge erroneously shifted to

---

[1] The crimes occurred on or about April 23, 1992. Appellant was indicted on July 14, 1992. The verdicts were returned on March 2, 1993 and filed on March 3, 1993, and the sentences were imposed on March 2, 1993 and filed on March 3, 1993. Appellant's motion for new trial was filed on March 10, 1993 and was denied on December 21, 1993. Her notice of appeal was filed on January 18, 1994. The case was docketed in this court on March 8, 1994 and was submitted for decision on May 2, 1994.

her the burden of proving that she was not guilty beyond a reasonable doubt, "[a]n examination of the charge as a whole does not support such an allegation. . . . We find no error as no burden of proof was placed upon [appellant]." *Dillard v. State*, 177 Ga. App. 805, 808 (7) (341 SE2d 310) (1986). Nevertheless, the trial court did agree to give a clarifying recharge and such a clarifying recharge was given. Accordingly, "[t]his is not a case where an incorrect charge is given and subsequently a correct charge given, where the jury is expected to select one to the exclusion of the other. . . ." *Troup v. State*, 209 Ga. 9, 12 (2) (70 SE2d 470) (1952). It follows that appellant's reliance upon *Salisbury v. State*, supra, is misplaced and that this enumeration is without merit.

3. Just prior to the giving of the charge, a juror spoke to the bailiff out of hearing of the other jurors and voiced his concern that defense counsel may have been signaling appellant while she was testifying. The bailiff's only response was that she would bring it to the attention of the trial court. Upon the trial court's inquiry, the juror stated that he had not mentioned his concern to any other juror, had not been affected by it, could still be fair and had not made up his mind. Urging that there had been no coaching of appellant, defense counsel unsuccessfully moved for a mistrial on the grounds that the jury pool was tainted and the juror should have been excused.

Whether defense counsel had given signals to appellant would certainly be a matter for the jury's consideration. The credibility of a defendant who testifies in his own behalf is for the jury, which may consider his demeanor and conduct on the witness stand. *Brantley v. State*, 190 Ga. App. 642, 643-644 (2) (379 SE2d 627) (1989); *Walker v. State*, 132 Ga. App. 274, 278 (5) (208 SE2d 5) (1974).

However, the issue for resolution does not turn upon the substance of the juror's concern, but rather upon the fact that the juror expressed that concern to a non-juror. "[W]here a communication *from* the *bailiff to* [a *juror*] is shown, the burden is on the [S]tate to rebut by proof the presumption of harm." (Emphasis supplied.) *Battle v. State*, 234 Ga. 637, 639 (217 SE2d 255) (1975). Here, however, the *only* communication was *from* the *juror to* the *bailiff*. While the conduct of the juror in choosing to express his concern to the bailiff may not have been proper, the evidence nevertheless shows

> "that it was not harmful to [appellant] as there was no evidence of any discussion of the facts of the case or of any attempts to influence the juror." [Cit.] Motions for mistrial based on improper conduct of jurors are addressed to the sound discretion of the trial judge, [cit.], and we find no abuse of that discretion here.

*Garner v. State*, 174 Ga. App. 628, 629 (1) (330 SE2d 750) (1985). See also *Ellis v. State*, 164 Ga. App. 366, 370 (9) (296 SE2d 726) (1982).

4. Appellant moved to suppress her post-arrest statements on the grounds that her intoxication, her fatigue and police coercion had rendered the statements involuntary. The denial of this motion to suppress is enumerated as error.

After a review of the transcript of the *Jackson v. Denno* hearing, "we find that the trial court was authorized to conclude that appellant gave a voluntary statement and made a knowing and intelligent waiver of [her] *Miranda* rights. [Cit.]" *Philmore v. State*, 263 Ga. 67, 68 (2) (428 SE2d 329) (1993). See also *Sumpter v. State*, 260 Ga. 683 (2) (398 SE2d 12) (1990); *Cunningham v. State*, 255 Ga. 727, 729 (2) (342 SE2d 299) (1986). Appellant's reliance upon *Ashcraft v. Tennessee*, 322 U. S. 143 (64 SC 921, 88 LE 1192) (1944) is misplaced. *Ashcraft* is "clearly distinguishable from the present case." *Garrett v. State*, 203 Ga. 756, 764 (1) (48 SE2d 377) (1948).

5. The State proffered a forged check which had been drawn on the victim's account after the murder. The trial court admitted this check into evidence, over appellant's objection that she was not charged with the forgery and that the check would impermissibly place her character into issue.

The testimony of a handwriting expert showed that appellant had prepared every entry on the check above the signature line. Thus, the check was properly admitted as relevant to her commission of the crimes for which she was being tried. *Cameron v. State*, 256 Ga. 225, 227 (7) (345 SE2d 575) (1986).

6. Appellant urges that, in the execution of a search warrant, several items were seized which were not within the scope of the warrant. However, it appears that none of these items was ever admitted into evidence. Thus, there was no reversible error. See *Waller v. State*, 251 Ga. 124, 125 (2) (303 SE2d 437) (1983), rev'd on other grounds, 467 U. S. 39 (104 SC 2210, 81 LE2d 31 (1984).

7. Over appellant's objection that the jury could draw its own conclusion, the medical examiner was allowed to give expert opinion testimony as to whether a death had occurred.

The medical examiner based his opinion upon his experience, training, and observation of the crime scene, particularly the blood stains at the victim's home and the significance of the injuries indicated thereby, as well as additional facts set forth in a hypothetical question. His opinion was that the victim almost certainly had died as a result of the incident which produced the physical evidence that he had observed at the crime scene. "[T]he trial court did not err by admitting this opinion testimony. [Cits.]" *White v. State*, supra at 99 (7).

*Judgments affirmed. All the Justices concur.*

DECIDED JULY 15, 1994.

Robert L. Waller III, Leslie J. Cardin, for appellant.

Daniel J. Porter, District Attorney, Phil Wiley, Thomas N. Davis, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Assistant Attorney General, for appellee.