S94A1931. FOOTE v. THE STATE.
(455 SE2d 579)

CARLEY, Justice.

Appellant was indicted for the malice murder of her husband. She was tried before a jury and presented an insanity defense. However, the jury found her guilty but mentally ill and she was given a life sentence. She appeals from the judgment of conviction and sen-

tence entered by the trial court on the jury's verdict.[1]

1. Appellant urges that the evidence was insufficient to authorize the jury to find that she was not insane at the time that she shot and killed her husband.

The appropriate standard of appellate review in this regard is whether the evidence, when construed most favorably for the State, would be sufficient to authorize a rational trier of fact to find that appellant failed to prove by a preponderance of the evidence that she was insane at the time of the homicide. *Wilson v. State*, 257 Ga. 444, 449 (11) (359 SE2d 891) (1987). Appellant produced expert and lay witnesses whose testimony would have authorized a finding of her insanity. However, expert witnesses for the State testified that, in their opinions, appellant had only a "mild" mental illness and knew right from wrong at the time of the homicide. The officer who arrested appellant at the scene shortly after the shooting testified that, in his opinion, she appeared to be "rational" at that time. This evidence was sufficient to authorize the jury to find that appellant failed to prove by a preponderance of the evidence that she was insane at the time of the homicide. *Wilson v. State*, supra; *Brown v. State*, 250 Ga. 66, 67 (2) (295 SE2d 727) (1982).

2. Appellant urges that the trial court's charge on "guilty but mentally ill" was erroneous and harmful in that it permitted the jury to ignore her defense of legal insanity.

The trial court's original charge stated that a verdict of "guilty but mentally ill" could be based upon a finding that appellant "committed the act alleged" and was mentally ill. As appellant contends, this is only a partially correct statement of the law. In addition to a finding that the defendant "committed the act alleged" and was mentally ill, a verdict of "guilty but mentally ill" must also be based upon a finding that the defendant was not legally insane and that the act was, therefore, a "crime" for which the defendant could be found "guilty." See OCGA § 17-7-131 (c) (2). "A jury is not authorized to find that the defendant did not know right from wrong *and* is guilty but mentally ill." (Emphasis in original.) *Keener v. State*, 254 Ga. 699, 703 (2) (334 SE2d 175) (1985).

However, an erroneous charge does not warrant a reversal unless it was harmful and, in determining harm, the entirety of the jury instructions must be considered. *Felts v. State*, 244 Ga. 503, 504 (3)

---

[1] The homicide occurred on August 27, 1992. Appellant was indicted on October 21, 1992. The trial was held October 11-15, 1993. The verdict was returned on October 15, 1993 and the sentence was entered on October 18, 1993. A motion for new trial was filed on November 10, 1993 and was denied on June 17, 1994. Appellant's notice of appeal was filed on July 15, 1994 and the case was docketed in this court on September 13, 1994. Oral argument was heard on November 15, 1994.

(260 SE2d 887) (1979); *Siegel v. State*, 206 Ga. 252, 253 (2) (56 SE2d 512) (1949). The record here shows that the trial court did give a subsequent recharge on "guilty but mentally ill" which supplied the element that had been missing from its original charge. The recharge correctly stated that such a verdict could be based upon a finding that appellant "committed the act alleged in the indictment and *that that act constituted either murder or voluntary manslaughter*" and that she was mentally ill at the time of "the commission of the offense." (Emphasis supplied.) "Accordingly, 'this is not a case where an incorrect charge is given and subsequently a correct charge is given, where the jury is expected to select one to the exclusion of the other. . . .' [Cit.]" *McIlwain v. State*, 264 Ga. 382, 383 (2) (445 SE2d 261) (1994). Instead, when the jurors were recharged, the instruction given them corrected the omission in the original charge and fully explained the elements of a verdict of "guilty but mentally ill." See *Troup v. State*, 209 Ga. 9, 12 (2) (70 SE2d 470) (1952).

Moreover, the record also shows that, prior to both the original erroneous charge and the subsequent correct recharge on "guilty but mentally ill," the trial court gave extensive instructions on appellant's defense of legal insanity. In the context of those instructions, the trial court, twice in the original charge and twice again in the recharge, correctly informed the jury that if they found appellant to be legally insane, their deliberations should cease, and that the form of their verdict then would be "not guilty by reason of insanity." See *Keener v. State*, supra at 702 (2). Since this charge was given before the charge and recharge on "guilty but mentally ill," it is unlikely that a juror of ordinary intelligence would have ignored appellant's defense of legal insanity and returned a verdict of "guilty but mentally ill" despite a finding that she was legally insane. See generally *Collins v. State*, 145 Ga. App. 346, 348 (4) (243 SE2d 718) (1978). It was clearly implicit from the entirety of the trial court's instructions that a "guilty but mentally ill" verdict would be authorized only if appellant's legal insanity defense were rejected and she was otherwise found to be legally accountable for her act, albeit mentally ill at the time it had been committed. See *Ellis v. State*, 176 Ga. App. 384, 385-386 (1) (336 SE2d 281) (1985). Accordingly, the trial court's original charge on "guilty but mentally ill" would not constitute reversible error.

3. At the conclusion of the recharge, the trial court undertook to summarize all of the possible verdicts forms. In that portion of the summary related to a verdict of "not guilty by reason of insanity," the trial court did not include an instruction to the effect that the jury's deliberations would cease in the event that appellant was found to be legally insane. Appellant urges that the failure of the trial court to include this principle in its summary was reversible error.

As noted in Division 2, prior to the trial court's summary at the conclusion of the recharge, the jury already had been instructed on this principle twice during the original charge and twice during the recharge. Thus, on no less than four prior occasions, the trial court "correctly charged the jury . . . that if they found that the defendant did not have reason sufficient to distinguish between right and wrong that would end their consideration of the case." *Keener v. State*, supra at 703 (2). In view of the clarity of the original charge and recharge as to this principle, it is unlikely that its absence in the summary given at the conclusion of the recharge would have misled a jury of ordinary intelligence. See *Harper v. State*, 155 Ga. App. 764, 766 (4) (272 SE2d 736) (1980). It follows that the trial court's failure to instruct the jury on this principle yet a fifth time was not error.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 17, 1995 —
RECONSIDERATION DENIED FEBRUARY 22, 1995.

*Robert E. Surrency,* for appellant.

*Harry N. Gordon, District Attorney, Richard J. Weaver, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.