60380. ALDRIDGE v. THE STATE.

BIRDSONG, Judge.

The Superior Court of Douglas County on January 25, 1980, revoked Aldridge's probation after determining that he had violated its terms as charged in the revocation petition. Aldridge was on probation from a 1975 offense. In June, 1979, he plead guilty to the offenses of theft by taking, reckless driving, driving while license revoked, attempting to elude an officer, failure to have a motor vehicle inspection sticker, and speeding. For these offenses, Aldridge was sentenced to serve 72 months, 12 to be in incarceration with an additional 5-year probationary term. After one month in the public works camp, Aldridge escaped and was recaptured. A petition for revocation of the 1975 probation was filed, alleging that Aldridge violated its terms "in the following particulars: On the 7th day of June, 1979, did enter a plea of guilty to [the above-named offenses] in the Superior Court of Douglas County. On the 18th day of July, 1979 did escape the lawful custody of the Cobb County Work Camp." In its order revoking probation, the trial court declared that it had adjudged that the defendant did violate the terms and conditions of probation by committing all of the named offenses.

On appeal, Aldridge urges that it was error to consider the offense of escape in determining and deciding to revoke appellant's probation, and that it was error to revoke the 1975 probation on January 25, 1980, for acts occurring March, 1979 and disposed of by plea of June, 1979, where the court was aware of appellant's prior probation. *Held:*

The record and transcript does not disclose that in June, 1979, when Aldridge was sentenced to jail and probation for certain offenses, the trial court was made aware that Aldridge was even then serving a probated sentence. The trial court's January 1980 order does not revoke the 1979 probation sentence but expressly revokes the 1975 probation for the named violations, including the escape from prison following the 1979 sentencing. This the court can do, since escape from prison after another offense is unquestionably a violation of the 1975 probation terms. There is therefore no substance

in Aldridge's contention that his 1979 probated sentence was wrongly revoked for an act he committed while he was still in custody. Moreover, the revocation was not a violation of the "double jeopardy protection." At the 1979 hearing of Aldridge's guilty plea for the several misdemeanors, the revocation of Aldridge's probation on account of those same offenses was not heard and was not in issue, and the state was not obligated to put it in issue. The revocation of Aldridge's 1975 probation for violation of its terms by committing the offense of escape is a different matter entirely from the criminal prosecution for the offense of escape; the fact that the state chose to prosecute for the misdemeanors and later revoke probation for the same violations is not double jeopardy. *Johnson v. State,* 142 Ga. App. 124, 127 (235 SE2d 550), affd. 240 Ga. 526 (242 SE2d 53); cert. denied, 439 U. S. 881. As suggested in *Johnson,* supra, p. 125, a criminal prosecution and a probation revocation proceeding based on the same occurrence actually have nothing to do with each other; and it is clear that it generally matters little, in terms of law, what sequence the state pursues its remedies.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED SEPTEMBER 8, 1980 — DECIDED SEPTEMBER 30, 1980.

*Walter P. Rowe,* for appellant.
*W. A. Foster, III, District Attorney, Frank C. Winn, Assistant District Attorney,* for appellee.