### S03A1162. LEWIS v. SIMS.
(587 SE2d 646)

HINES, Justice.

Matthew Sims pled guilty to two counts of interference with government property. On November 9, 1999, he was sentenced to five years, six months to be served in confinement, with the remainder served on probation. A petition to revoke his probation was filed, based on Sims's alleged commission of the offenses of aggravated sodomy, sodomy, and aggravated assault, and also based on his admitted use of marijuana, his failure to report to his probation officer as directed, and his failure to pay probation fees as directed. On September 6, 2000, the balance of Sims' probation, approximately four years, was revoked. The probation court found, by a preponderance of the evidence, that Sims had committed new felonies and violated special conditions of his probation.

On July 31, 2002, Sims filed a petition for writ of habeas corpus challenging his probation revocation. The habeas court granted the petition on January 15, 2003, based on the fact that the new felony charges were dismissed after the probation revocation hearing. The

habeas court concluded that, as these felonies had been dismissed, only two years of Sims's probation could be revoked for the remaining violations of his imposed special conditions of probation. See former OCGA § 42-8-34.1 (e).[1] The warden appeals.

The habeas court's reasoning is incorrect. After a full evidentiary hearing,[2] the revoking court specifically found, "by a preponderance of the evidence," that Sims committed the felonies alleged. The fact that these charges were later dismissed is of no moment.[3] Conviction of the felonies was not necessary for a revocation of more than two years of Sims's probation; all that was required by former OCGA § 42-8-34.1 (d) was that the felony upon which the revocation of probation was based be proved by a preponderance of the evidence, or by the defendant's admission of its commission. As the revoking court found, by the required standard of proof, that Sims had committed acts authorizing the revocation of the remainder of his probation, that court was authorized to revoke it.

Habeas corpus is available to Sims only if he has suffered a substantial denial of his rights under the state or federal constitutions. OCGA § 9-14-42 (a); *Britt v. Smith*, 274 Ga. 611, 612 (556 SE2d 435) (2001). Application of the statutorily prescribed "preponderance of the evidence" standard to the revocation of Sims's probation does not violate his rights under the state or federal constitutions. See *Johnson v. State*, 240 Ga. 526 (242 SE2d 53) (1978); *Mingo v. State*, 155 Ga. App. 284, 286-287 (2) (270 SE2d 700) (1980); *Johnson v. State*, 142 Ga. App. 124 (235 SE2d 550) (1977). Sims contends that the opinion in *Aldridge v. State*, 155 Ga. App. 916 (273 SE2d 656) (1980), requires that when a probation revocation is based on a conviction, and that conviction is subsequently reversed, that the revocation must also be reversed. But that is not so. *Aldridge* is inapposite. It did not involve a revocation based upon a conviction that was later reversed. Rather, *Aldridge* dealt with a 1975 conviction and probation, a separate 1979 conviction and probation, and the propriety of revoking the 1975 probation based, in part, on the crimes underlying the 1979 probation.

Accordingly, habeas corpus relief was not warranted in this case, and the judgment granting such relief must be reversed.

*Judgment reversed. All the Justices concur.*

---

[1] Sims had already served, in confinement, more than the two years allotted for technical violations.

[2] Sims was represented by counsel at the hearing.

[3] Apparently, after the revocation of Sims's probation, the victim of his new felonies was herself convicted of murder, and did not appear for Sims's trial on the new charges. Aware of the revocation, the State then decided to dismiss the charges.

DECIDED OCTOBER 20, 2003.

Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Madonna M. Heinemeyer, Assistant Attorney General, Mark A. Gilbert, for appellant.

Matthew Sims, pro se.