## A07A0992. GIANG v. THE STATE.
(646 SE2d 710)

BLACKBURN, Presiding Judge.

In this discretionary appeal, Vivian Giang challenges the revocation of her probation and the imposition of a sentence for violation of her first offender status, contending that the trial court erred (1) in admitting evidence of field tests done on suspected methamphetamine found in her residence, (2) in holding that the evidence supported the finding that Giang violated her probation, and (3) in admitting evidence showing the basis of the arrest warrant issued in this case. For the reasons that follow, we affirm.

"This court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court." (Punctuation omitted.) Cheatwood v. State.[1] Accordingly, "[i]f admissible evidence is presented in support of the allegations regarding revocation of probation, this court will affirm." Young v. State.[2]

So viewed, the record shows that in January 2005, Giang pled guilty as a first offender to possession of methamphetamine.[3] In July 2006, as part of a narcotics investigation, officers executed a search warrant on a residence leased by Giang and her boyfriend. Upon searching the residence, police found a total of approximately 3.5 ounces of suspected methamphetamine in two duffel bags (one in the garage and one in a room used as an office), along with suspected methamphetamine residue in a small tin container in Giang's dresser drawer. The officers performed a NIK field test on the suspected methamphetamine in the bags, which yielded a positive result.

Giang was arrested and charged with possession of methamphetamine and conspiracy to traffic methamphetamine. Based on these charges, which were still pending at the time of the revocation proceeding, Giang's probation officer petitioned the trial court to revoke Giang's probation. Following a hearing, the trial court found that, for purposes of probation revocation, Giang had committed the

---

[1] Cheatwood v. State, 248 Ga. App. 617, 621 (2) (548 SE2d 384) (2001).

[2] Young v. State, 265 Ga. App. 425, 426 (594 SE2d 667) (2004).

[3] OCGA § 16-13-30 (a).

offense of possession of methamphetamine (but not conspiracy to traffic methamphetamine) and revoked Giang's probation, giving rise to this appeal.

1. Giang contends that the trial court erred in considering evidence from the NIK field test of the suspected methamphetamine where the reliability of the NIK field test had not been shown in accordance with the standard in *Harper v. State*,[4] i.e., "whether the procedure or technique in question has reached a scientific stage of verifiable certainty." However, although Giang did request that scientific evidence be provided to support the officers' assertion that the substance was methamphetamine, Giang "did not object that any of the [subsequent] scientific evidence was unreliable, or that any testing procedure was improper. These issues are therefore waived on appeal." *Whatley v. State*.[5] Cf. *Bowen v. State*[6] (where the trial court heard evidence of scientific basis for testing procedure based on defendant's objection on the ground that the test was a novel scientific test).

Giang correctly points out that the evidence did not show that field testing was performed on the suspected methamphetamine residue in the tin in Giang's dresser drawer. However, at the hearing, Giang's boyfriend stated that all of the suspected methamphetamine found, including the residue in the tin, was in fact methamphetamine, which came from the supply he was personally using and selling. Although the boyfriend claimed that the methamphetamine in Giang's drawer belonged to him, the trial court, as the finder of fact, was entitled to believe his identification of the substance while disbelieving his professed exclusive ownership of it. See *Reed v. State*.[7] Having waived her objection to the field testing of the other methamphetamine found, and in light of the testimony from the boyfriend, we discern no abuse of discretion.

2. Giang contends that the evidence did not support a finding that she possessed methamphetamine, in that her boyfriend claimed ownership of the methamphetamine and had equal access to it. We disagree.

> Under the equal access rule, merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. A finding of constructive

---

[4] *Harper v. State*, 249 Ga. 519, 525 (1) (292 SE2d 389) (1982).

[5] *Whatley v. State*, 270 Ga. 296, 299 (6) (509 SE2d 45) (1998).

[6] *Bowen v. State*, 242 Ga. App. 631, 632 (531 SE2d 104) (2000).

[7] *Reed v. State*, 244 Ga. App. 146, 147 (534 SE2d 871) (2000).

possession must be based upon some connection between the defendant and the contraband other than spatial proximity.

(Punctuation and footnote omitted.) *Brown v. State.*[8]

Here, during the revocation proceeding, both Giang and her boyfriend testified that the methamphetamine in both bags and residue in the tin in the dresser drawer belonged to him and not her. With respect to the methamphetamine found in the bags in the garage and in the office, the State did not provide other evidence linking Giang to that contraband, and indeed the trial court did not find that Giang committed the offense of conspiracy to traffic methamphetamine, as was alleged by the petition. However, with respect to the residue in the tin, it is undisputed that the tin was found in Giang's dresser drawer in Giang's bedroom. This provides more than a mere spatial connection between Giang and this particular contraband. See *Cantrell v. State*[9] (ruling that a jury was authorized to find sole female defendant in constructive possession of a gun found in dresser drawer containing female clothing).

Giang also argues that she lacked knowledge that the tin was in her drawer, because her boyfriend hid it from her there, but "[i]t has long been the law that knowledge may be proved by facts and circumstances from which a [factfinder] could reasonably infer that a defendant knowingly possessed contraband." *Fernandez v. State.*[10] Therefore, in light of the tin's location and that location's particular association with Giang, we discern no abuse of discretion in the trial court's finding that Giang possessed the tin containing the methamphetamine residue.

3. Giang also contends that the trial court erred in considering the basis for the arrest warrant in this case. We disagree.

During the revocation proceeding, over Giang's objection, the State questioned an officer about the basis for the arrest warrant issued for Giang. The officer testified that the arrest warrant was based on the evidence seized at Giang's house and another house where Giang had been seen picking her boyfriend up. Pretermitting the propriety of admitting this evidence, the evidence to which Giang objected was probative of her alleged participation in a conspiracy to traffic methamphetamine, in which she was not found to have participated. Moreover, "[d]uring a nonjury trial, it is presumed that the court is able to sift the wheat from the chaff and select only the legal evidence. We will reverse the trial court only where there is no

---

[8] *Brown v. State*, 244 Ga. App. 440, 442 (2) (535 SE2d 785) (2000).

[9] *Cantrell v. State*, 204 Ga. App. 330, 331 (419 SE2d 141) (1992).

[10] *Fernandez v. State*, 275 Ga. App. 151, 154 (2) (619 SE2d 821) (2005).

legal evidence to support the trial court's ruling." (Punctuation omitted.) *Morris v. Morris.*[11] Accord *Scott v. State.*[12] As there was legal evidence to support the trial court's ruling, we discern no error.

Judgment affirmed. *Ruffin and Bernes, JJ., concur.*

DECIDED MAY 22, 2007.

*James W. Smith*, for appellant.
*Daniel J. Porter, District Attorney, Richard A. Vandever, Assistant District Attorney*, for appellee.

---

[11] *Morris v. Morris*, 282 Ga. App. 127, 133 (6) (637 SE2d 838) (2006).

[12] *Scott v. State*, 270 Ga. App. 292, 295 (2) (606 SE2d 312) (2004).