A07A1659. PATTERSON v. THE STATE.
(650 SE2d 770)

BLACKBURN, Presiding Judge.

Following a jury trial, Shawn Patterson appeals his convictions for terroristic acts,[1] aggressive driving,[2] and criminal trespass,[3] arguing that the only evidence identifying him as the perpetrator was erroneously admitted hearsay testimony and that the evidence was thus insufficient to support his conviction. As the conviction relied on inadmissible hearsay, we reverse.

"The admission of evidence is committed to the sound legal discretion of the presiding judge, whose determinations will not be disturbed on appeal unless they constitute an abuse of that discretion." (Punctuation omitted.) *Jackson v. State*.[4] The undisputed evidence admitted at trial shows that Ellen Garner was driving on a local highway (Highway 41) when a male driver in a maroon Honda Accord pulled up behind Garner's black Acura Integra. Because the driver was unable to pass Garner, he began honking his horn, flashing his lights, and making obscene hand gestures toward her. He continued this activity for approximately one-and-a-half to two miles, and Garner was afraid she might be run off the road. Although Garner was not able to identify specific facial features, she was able to observe that the driver was a male with a dark complexion. When the driver was eventually able to pass, he threw an object that hit Garner's car, causing a small dent in the passenger door. The driver pulled into a turning lane, and Garner drove behind him and wrote

---

[1] OCGA § 16-11-37 (b).
[2] OCGA § 40-6-397 (a).
[3] OCGA § 16-7-21 (a).
[4] *Jackson v. State*, 252 Ga. App. 268, 272 (4) (555 SE2d 908) (2001).

down his tag number. She then pulled into a gas station and called the police. The responding officer took a report of the incident and the tag number. The license plate number came back as registered to Patterson's sister, and consequently the officer went to the registered address and spoke to a woman identifying herself as Patterson's mother.

According to the officer's testimony at trial, Patterson's mother said that Patterson had been driving the Honda all day and that his sister, the vehicle's owner, had not been driving it. The officer also testified that to his knowledge Patterson was not present at the residence, and that the mother said Patterson was not there. The officer left a message with Patterson's mother for Patterson to call him.

The officer further testified that he received a call approximately 30 minutes later from someone identifying himself as Shawn Patterson. The officer asked, "What happened today on Highway 41?" Initially, the caller responded, "I don't know what you're talking about." The officer then repeated the question, and the caller replied, "You mean with the black Integra?" The caller then admitted to being the driver, and when asked why he was tailgating and honking his horn, claimed he was in a hurry and that the Integra was only going 30 miles an hour.

Prior to trial, Patterson moved in limine to exclude the officer's testimony regarding the telephone conversation as inadmissible hearsay. The trial court denied his motion. At trial, the State presented the testimony of the victim and the officer. Patterson elected not to testify or produce any evidence other than cross-examination of the State's witnesses, and moved for a directed verdict of acquittal, which the trial court denied. The jury returned a verdict of guilty on all three counts. After the trial court denied Patterson's motion for new trial, this appeal followed.

1. Patterson contends that the hearsay statements of the caller, offered through the officer's testimony, were inadmissible. Specifically, he argues that the statements made in the telephone conversation by an individual identifying himself as Shawn Patterson were inadmissible because there was insufficient evidence to identify Patterson as the caller. We agree.

Georgia courts have long required "that there be a sufficient basis for a witness to identify a person with whom he spoke over the telephone, before testifying as to the contents of the conversation." *Brown v. State*.[5] One way to authenticate the identity of the speaker in a telephone conversation is "direct testimony of voice recognition."

---

[5] *Brown v. State*, 266 Ga. 723, 725 (3) (470 SE2d 652) (1996).

(Punctuation omitted.) *Smith v. State.*[6] See also *Brown v. State;*[7] *Constantino v. State.*[8] Sufficient evidence for authentication has also been recognized where the party sought to be charged not only identifies himself over the telephone, but also later corroborates the conversation. See *Brown,* supra, 278 Ga. at 371 (2); *Brown,* supra, 266 Ga. at 725 (3). However,

> [t]he testimony of one person to a conversation had with another person over a telephone, in which the person testifying did not know the other person or recognize the other's voice, had not at that time ever heard the voice, and had never heard it since, and the identity of [the] other person [had] not [been] established otherwise than by what was said in the conversation itself, is hearsay and inadmissible. . . .

*Price v. State.*[9] We have previously held that if the witness does not know a person and places a telephone call to the person's place of business or personal telephone number, and asks for that person, these circumstances are not sufficiently reliable to authenticate the identity of the person who comes to the telephone, even if that person identifies himself. See *Tidwell Co. v. Robley Hats, Inc.*[10] (circumstances not sufficiently reliable where the witness calls a person's place of business, asks for him, and the person on the other end identifies himself, but the witness does not know the person and has never spoken to him before); *Cannady v. Lamb*[11] (identity not authenticated in a telephone conversation where the witness obtains the telephone number from a person's father, and that person later confirms that the number is correct).

Here, the evidence was insufficient to authenticate the identity of the individual who called the officer. Although the caller identified himself as Shawn Patterson, the officer testified that he did not know Patterson, had never spoken to him before, and would not recognize him by sight or by voice. There was thus no evidence of voice recognition. Nor was there any evidence that Patterson later corroborated the conversation. The fact that the officer had left a message with Patterson's mother for Patterson to call him does not provide any more reliability than the circumstances of calling a person's place of business and asking for the person, or calling an individual's

---

[6] *Smith v. State,* 275 Ga. 326, 327 (2) (565 SE2d 453) (2002).

[7] *Brown v. State,* 278 Ga. 369, 371 (2) (602 SE2d 834) (2004).

[8] *Constantino v. State,* 243 Ga. 595, 599 (3) (255 SE2d 710) (1979).

[9] *Price v. State,* 208 Ga. 695 (1) (69 SE2d 253) (1952).

[10] *Tidwell Co. v. Robley Hats, Inc.,* 125 Ga. App. 102, 107 (5) (186 SE2d 489) (1971).

[11] *Cannady v. Lamb,* 146 Ga. App. 850, 851-852 (3) (247 SE2d 500) (1978).

telephone number obtained from that individual's parent and verified by the individual as the correct number. See *Tidwell Co.,* supra, 125 Ga. App. at 107 (5); *Cannady,* supra, 146 Ga. App. at 851-852 (3). Given that there was insufficient evidence to authenticate the actual identity of the caller, the officer's testimony regarding the call he received from someone identifying himself as Shawn Patterson was inadmissible hearsay. Accordingly, the trial court erred in allowing the officer's testimony regarding the telephone call into evidence.

2. Patterson further contends that, absent the officer's hearsay testimony, the evidence was insufficient to support his convictions. Patterson specifically argues that not only should the caller's hearsay statements be excluded in weighing the sufficiency of the evidence, but also that the statements of Patterson's mother were hearsay as well and thus lacked probative value. We agree.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Patterson] no longer enjoys a presumption of innocence." *Berry v. State.*[12] "When evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt." *Adams v. State.*[13] See *Jackson v. Virginia.*[14] Furthermore, "erroneously-admitted hearsay may not be considered in reviewing the sufficiency of the evidence." (Punctuation omitted.) *Willingham v. State.*[15]

(a) The statement made by Patterson's mother to the investigating officer, that Patterson had been driving the car all day on the date of the incident, was inadmissible as hearsay.

> Testimony is considered hearsay if the witness is testifying to another party's statement in order to prove or demonstrate the truth of the matter asserted in that statement. Hearsay testimony is not only inadmissible but wholly without probative value, and its introduction without objection does not give it any weight or force whatever in establishing a fact.

(Citations and punctuation omitted.) *In re Burton.*[16] Here, the mother's statement was hearsay, as it was offered to prove the truth of the assertion that Patterson was the driver of the car. We find no

---

[12] *Berry v. State,* 274 Ga. App. 831 (1) (619 SE2d 339) (2005).

[13] *Adams v. State,* 282 Ga. App. 819, 820 (1) (640 SE2d 329) (2006).

[14] *Jackson v. Virginia,* 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[15] *Willingham v. State,* 279 Ga. 886, 888 (2) (622 SE2d 343) (2005).

[16] *In re Burton,* 271 Ga. 491, 494 (3) (521 SE2d 568) (1999).

recognized exception to the general presumption of exclusion for this hearsay statement, nor does the State offer one. In fact, the State acknowledges that this statement was inadmissible hearsay, but argues that the issue was not preserved for appellate review because Patterson failed to object at trial, and that admission of the statement was harmless error as it was cumulative of the statements Patterson allegedly made in the telephone conversation with the police officer. However, we will not consider inadmissible hearsay statements in weighing the sufficiency of the evidence, *Willingham,* supra, 279 Ga. at 888 (2), even if introduced without objection. *In re Burton,* supra, 271 Ga. at 494 (3). Furthermore, because the statements made in the telephone conversation were inadmissible, the statement by Patterson's mother that Patterson was driving the car is not cumulative of other evidence. See *Phillips v. State*[17] ("[i]mproper admission of hearsay evidence may be harmless only if it is cumulative of other 'legally admissible' evidence of the same facts").

(b) Because the statements by the caller admitting involvement in the driving incident and the statement by Patterson's mother that Patterson had been driving the car all day were inadmissible hearsay, we must review only the remaining evidence to determine whether Patterson's identity as the driver was sufficiently established. Excluding the hearsay testimony, the only evidence regarding the driver's identity was the victim's description of the driver as a male with a dark complexion, and the fact that the car was registered to Patterson's sister. This evidence was insufficient for a rational trier of fact to find that Patterson was the driver beyond a reasonable doubt.

As the evidence was insufficient, absent the erroneously-admitted hearsay testimony, to identify Patterson as the driver and support his conviction, the trial court erred in denying his motion for a directed verdict of acquittal. See *Souder v. State.*[18] Accordingly, we reverse Patterson's convictions.

*Judgment reversed. Ruffin and Bernes, JJ., concur.*

DECIDED AUGUST 3, 2007.

*Linda T. F. Day,* for appellant.
*Patrick H. Head, District Attorney, Reuben M. Green, John R. Edwards, Assistant District Attorneys,* for appellee.

---

[17] *Phillips v. State,* 241 Ga. App. 764, 767 (527 SE2d 604) (2000).
[18] *Souder v. State,* 281 Ga. App. 339, 341 (1) (636 SE2d 68) (2006).