A07A1818. WALKER v. THE STATE.
(658 SE2d 375)

MILLER, Judge.

In 2002, Daniel Walker pled guilty to three counts of violating the Georgia Controlled Substances Act. Walker was sentenced to 15 years in confinement, with the last 11 years of his sentence to be served on probation. In January 2007, the trial court revoked seven years of Walker's probation. Walker appeals from the probation revocation order pursuant to this Court's grant of his application for discretionary appeal, and we reverse and remand because the trial court erred in revoking more than five years of Walker's probation.

1. Following a hearing, the trial court found by a preponderance of the evidence that Walker had violated his probation through

---

commission of conspiracy to commit first degree forgery. Walker claims that the elements of this offense were not established by the evidence.[1] We disagree.

"Pursuant to OCGA § 42-8-34.1 (b), violations of probation must be proved by a preponderance of the evidence." (Punctuation omitted.) *Gibson v. State*, 279 Ga. App. 838 (632 SE2d 740) (2006). Evidence adduced at the probation hearing showed that while under the surveillance of Department of Driver Services (the "Department") investigators, Walker purchased a roll of holograph-imprinted laminate for $500 from an inmate who had been assigned to work at the Carroll County driver's license bureau; that the laminate is tightly controlled by the Department and used only in the authorized production of Georgia driver's licenses and identification cards; that the roll of laminate could be used to manufacture 100 driver's licenses; and that Walker was acting in concert with another person who had directed him to obtain the laminate. The trial court was authorized to conclude that the preponderance of the evidence showed that Walker had taken an overt step in a conspiracy to, with intent to defraud, make and deliver a writing, specifically numerous forged driver's licenses, which "purports to have been made . . . by authority of one who did not give such authority." OCGA § 16-9-1 (a). See *Byrd v. State*, 156 Ga. App. 522, 524 (4) (275 SE2d 108) (1980) (conspiracy may be established by circumstantial as well as direct evidence, and without placing one of the parties as present at the scene of the crime).

2. Walker claims that, because his probation violation was the commission of conspiracy to commit first degree forgery, the trial court erred in revoking seven years of his probation. We agree.

If the violation of probation alleged and proven by a preponderance of the evidence is the commission of a felony offense, then "the court may revoke no more than the lesser of the balance of probation or the maximum time of the sentence authorized to be imposed for the crime constituting the violation of the probation." OCGA § 42-8-34.1 (d). Since conspiracy to commit first degree forgery is punishable by no more than five years imprisonment, the trial court was authorized to revoke no more than five years of Walker's probation and erred in

---

[1] Walker, who is proceeding pro se, has in many instances combined multiple, seemingly unconnected arguments under single enumerations of error. We have endeavored to ascertain and address Walker's claims to the extent they can be discerned.

Walker has also filed numerous motions with this Court. As to the motions which we have not previously addressed, Walker's emergency motion complaining of the trial court's denial of his motion for reconsideration of the trial court's order denying him a supersedeas bond hearing is dismissed as moot. In two other motions, Walker has asked this Court to re-docket his appeal to an earlier term. These motions are also dismissed as moot. In addition, Walker shows no authority for this Court to grant this request.

revoking seven years of his probation. See OCGA §§ 16-4-8 (maximum sentence for conspiracy to commit a felony is one-half the maximum sentence of the felony conspired to have been committed); 16-9-1 (b) (maximum sentence for first degree forgery is ten years); *Gibson v. State*, supra, 279 Ga. App. at 840 (trial court erred in revoking more of appellant's probation than the maximum sentence of the offense on which the probation revocation was based). We therefore remand for issuance of an order which complies with OCGA § 42-8-34.1 (d).

3. Walker also contends that the trial court erred in its revocation order because (i) the order fails to state the evidence relied on or the reasons for the revocation, and (ii) the order erroneously provides that the hearing was conducted in accordance with OCGA § 42-8-60, which addresses first offender probation, and OCGA § 17-10-1 (a) (3) (A), which addresses revocation of probation for other than the commission of a felony. Inasmuch as Walker alleges error as to the form of the revocation order, and we have ordered that the case be remanded for issuance of a new order, these claims of error are moot.

4. Walker further contends that his revocation of probation was not in accordance with OCGA § 42-8-38 because the record fails to show that there was a warrant issued for his arrest which was supported by an affidavit. OCGA § 42-8-38 (a) provides in part that "[a]ny officer authorized by law to issue warrants may issue a warrant for the arrest of the probationer upon the affidavit of one having knowledge of the alleged violation." We see nothing in OCGA § 42-8-38 that ties the affidavit requirement for the issuance of arrest warrants to the validity of a subsequent revocation of probation. See generally *Hayes v. State*, 157 Ga. App. 659, 661 (10) (278 SE2d 424) (1981) (even assuming that appellant's arrest on charges of violating his probation was illegal, this is not a bar to the subsequent revocation of his probation).

5. Walker argues that the trial court erred in failing to apply the rule of lenity, which would have required the trial court to base the revocation of probation on Walker's commission of a lesser offense, specifically possession of a false identification document or possession with intent to sell a document containing the unauthorized seal of a government agency. OCGA § 16-9-4 (b) (1), (5). Pretermitting whether the rule of lenity applies in the context of a probation revocation, the rule does not apply to this case.

"The rule of lenity applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment." (Citation omitted.) *Banta v. State*, 281 Ga. 615, 617 (2) (642 SE2d 51) (2007). First degree forgery requires, among other things, proof of the intent to defraud, which is

not a required element of the false identification document offenses, and so the rule of lenity does not apply. See OCGA § 16-9-1; *Velasquez v. State*, 276 Ga. App. 527, 528-529 (1) (623 SE2d 721) (2005) (rule of lenity did not apply because second degree forgery requires intent to defraud, an element not required to show possession of a false identification). "[T]hat a single act may, as a factual matter, violate more than one penal statute does not implicate the rule of lenity." *Banta v. State*, supra, 281 Ga. at 618 (2).

6. Walker complains that the Department of Corrections took custody of him despite his stated desire to remain in the custody of the sentencing jurisdiction pending the outcome of the appeal, and he asks we remand the case for the trial court's consideration of this issue. See OCGA § 42-5-50 (c). Pretermitting whether Walker's arguments have any merit, "[Walker] has not shown that the results of this appeal would have been different had he been held in the [Douglas] County jail." *Carter v. State*, 267 Ga. App. 520, 524 (7) (600 SE2d 637) (2004). Accordingly, we find no merit in this claim.

7. Walker also contends that the trial court erred in revoking his probation in allowing certain evidence to be introduced in violation of the best evidence rule and in allowing the State to introduce evidence during closing argument. These claims were waived for failure of Walker's counsel to make a contemporaneous objection on these grounds. See *Jackson v. State*, 281 Ga. 705, 706 (3) (642 SE2d 656) (2007); *Johnson v. State*, 268 Ga. App. 1, 7 (2) (601 SE2d 392) (2004).

8. Walker claims that the trial court erred in revoking his probation on grounds of conspiracy to commit first degree forgery because he was never accused or indicted for this offense. However, whether Walker was ever charged with or convicted of the crime which formed the basis of his probation revocation does not invalidate the revocation. "[A] criminal prosecution and a probation revocation proceeding based on the same occurrence actually have nothing to do with each other." (Citation and punctuation omitted.) *Morris v. State*, 166 Ga. App. 137, 140 (2) (303 SE2d 492) (1983). See, e.g., *Johnson v. State*, 142 Ga. App. 124, 125-126 (1) (235 SE2d 550) (1977) (probation properly revoked on same evidence on which jury found defendant not guilty of criminal charge).

9. Walker argues that the trial court erred in revoking his probation because in doing so it considered hearsay evidence. The hearsay Walker references was elicited from a Department investigator, who testified that her supervisor told her that Walker had approached an inmate assigned to work at the Department's Carrollton office and asked about purchasing a roll of holograph-imprinted laminate. The trial court allowed the evidence over objection for the purpose of explaining relevant conduct of the investigator. Assuming,

without deciding, that the out-of-court statements of the investigator's supervisor were not admissible, the substance of these statements was cumulative of other properly admitted evidence, and the admissible evidence was sufficient to support the trial court's finding that appellant was involved in a conspiracy to commit first degree forgery. See *Holbrook v. State*, 162 Ga. App. 400, 402 (2) (291 SE2d 729) (1982) (affirming probation revocation).

10. Walker complains that the revocation petition was inadequate in that it failed to give him sufficient notice that the State was seeking to revoke his probation on grounds that he committed a felony. We disagree. The record shows that the State filed a revocation petition on January 5, 2007 claiming that he violated the first condition of his probation by committing in Carroll County, on October 24, 2006, "the offense of forgery 1st degree & 2nd degree, criminal attempt, conspiracy." The State also filed two previous revocation petitions alleging that Walker had violated his probation by committing the offense of theft by taking and possession of tools used for the commission of a crime. The revocation hearing was initially held on January 8, 2007, at which time Walker's counsel protested that he was not prepared to proceed on the latest petition. The trial court continued the hearing, which was then held on January 22, 2007.

"Due process requires that a defendant be given written notice of the claimed violation of his probation prior to the revocation hearing." (Citation and punctuation omitted.) *Wolcott v. State*, 278 Ga. 664, 667 (2) (604 SE2d 478) (2004). Walker received written notice in this case through the revocation petition which alleged that, among other things, he had violated his probation by committing first and second degree forgery, and in connection with those crimes, "criminal attempt" and "conspiracy." Under the circumstances, Walker had both adequate notice and time to prepare a defense. See id. (petition setting forth crime, approximate time, and venue sufficient to provide adequate notice).

In view of the foregoing, the judgment of the trial court is reversed and the case remanded so that the trial court may issue an order in compliance with OCGA § 42-8-34.1 (d).

*Judgment reversed and case remanded with direction. Barnes, C. J., and Smith, P. J., concur.*

DECIDED FEBRUARY 7, 2008 —
RECONSIDERATION DENIED MARCH 3, 2008.

Daniel Walker, *pro se.*

*David McDade, District Attorney, James A. Dooley, Assistant District Attorney*, for appellee.