A08A0928, A08A1091. BROWN v. THE STATE (two cases).

(668 SE2d 490)

MIKELL, Judge.

In these related cases, we granted Craig Brown's applications for discretionary review of the revocation of his probation under sentences received in two counties, Bleckley County and Pulaski County. For the reasons set forth below, we vacate the trial court's order and remand with direction.

Brown pleaded guilty to drug charges in Pulaski County and received a ten-year probated sentence in June 1999; in January 2000, he received another ten-year probated sentence after pleading guilty to drug charges in Bleckley County. On May 22, 2007, the state sought to revoke Brown's probation under each of these sentences by filing two petitions for revocation of his probation, one in the Superior Court of Pulaski County (Case No. 2007R-10113), and the other in the Superior Court of Bleckley County (Case No. 07R-0153). In each petition, the state charged that Brown violated the terms and conditions of his probation by committing the new offenses of trafficking in cocaine and obstruction of an officer. A full evidentiary hearing on both revocation petitions was held on November 7, 2007, before Judge H. Frederick Mullis, Jr., of the Superior Court of Bleckley County (referred to herein as the "trial court"). Brown was present and represented by counsel at the hearing. After the hearing, the trial court found, by a preponderance of the evidence, that on August 3, 2004, Brown committed the new offenses of felony trafficking in cocaine and misdemeanor obstruction of a police officer; accordingly, the trial court revoked Brown's probation under both sentences.

YALE LAW LIBRARY

Brown appeals the revocation of probation of his Pulaski County sentence in Case No. A08A1091, and of his Bleckley County sentence in Case No. A08A0928. We consolidate these appeals for disposition in a single opinion. On appeal, Brown challenges the sufficiency of the evidence as to the felony; he has not challenged the trial court's finding as to the misdemeanor. Because the evidence presented at the revocation hearing was not sufficient to support the trial court's finding that Brown committed the new felony of trafficking in cocaine, we vacate the trial court's order revoking the balance of Brown's probation and remand this case with direction.

1. Brown contends that the revocation of his probation cannot stand because his criminal conviction for trafficking in cocaine, based on the same August 3, 2004, events, was reversed by this Court on April 16, 2007,[1] on the grounds that no evidence connected Brown with the cocaine found at the scene.[2] This argument fails.

The revocation of Brown's probation is a separate and distinct proceeding from his trial on the criminal charges brought against him, even though both were based on the same incident. "A criminal prosecution and a probation revocation proceeding based on the same occurrence actually have nothing to do with each other."[3] Where, as here, the trial court revoked probation following an evidentiary hearing at which evidence of the alleged offense was introduced, the validity of the revocation must be examined in light of the evidence adduced at the revocation hearing.[4] The disposition of the appeal of Brown's criminal conviction thus does not control the case now before us.[5]

2. Brown contends that the evidence adduced at the revocation hearing was insufficient to support the court's ruling that on August 3, 2004, Brown committed a new felony, trafficking in cocaine. We agree.

---

[1] *Brown v. State*, 285 Ga. App. 330 (646 SE2d 273) (2007).

[2] Id.

[3] (Citations and punctuation omitted.) *Walker v. State*, 289 Ga. App. 879, 882 (8) (658 SE2d 375) (2008).

[4] See *Crawford v. State*, 166 Ga. App. 272 (1) (304 SE2d 443) (1983) (reversal of conviction did not vitiate probation revocation based on evidence of same offense introduced at revocation hearing), distinguishing *Tift v. State*, 133 Ga. App. 466 (211 SE2d 411) (1974) (where revocation is based solely on certification of criminal conviction, revocation must be vacated if conviction is reversed).

[5] See *Lewis v. Sims*, 277 Ga. 240, 241 (587 SE2d 646) (2003) (probation revocation affirmed even where criminal charges for new felonies were dismissed); *Walker*, supra (revocation affirmed even though state never charged defendant with new criminal offense); *Aldridge v. State*, 155 Ga. App. 916, 917 (273 SE2d 656) (1980) (same offense may provide basis for probation revocation as well as bring criminal charges); *Johnson v. State*, 142 Ga. App. 124, 127 (2) (235 SE2d 550) (1977) (whole court) (revocation upheld even though defendant was acquitted of same offense in criminal proceeding).

A court may revoke probation based on new violations if "the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged."[6] "And this Court will not interfere with a revocation absent manifest abuse of discretion on the part of the trial court."[7] "Accordingly, if admissible evidence is presented in support of the allegations regarding revocation of probation, this [C]ourt will affirm."[8]

At the revocation hearing, the trial court heard testimony from Georgia Bureau of Investigation agents Dustin Hamby and Lindsey Giddens, who were both assigned to the Oconee Drug Task Force at the time of the events here in issue. Hamby testified that on August 3, 2004, he found an unnamed individual, who had earlier worked with Hamby as a confidential informant, in possession of an ounce of powder cocaine. Hamby further testified that this informant told Hamby that he had obtained the cocaine from Brown earlier that day. According to Hamby, the informant agreed to arrange another drug buy from Brown that day. This informant did not testify at the revocation hearing.

According to Hamby's testimony, Hamby stood close by while the informant placed the first of two telephone calls to a party who identified himself as "Nino." The informant told Hamby that the party on the other end was Brown. During the first phone call, Hamby heard the informant arrange to buy cocaine from "Nino" at a location under a bridge at the river in Hawkinsville. In a second phone call with the informant, however, "Nino" changed the meeting place to a residence at 643 Markel Street in Hawkinsville.

Hamby, Giddens, and two other police officers, all in uniform, then drove to Markel Street, along with the informant. Hamby testified that they arrived at the Markel Street residence within five to ten minutes of the phone call designating it as the meeting place. There, they saw Brown sitting in a chair in the front yard of the house, about 20 feet from the front door. Hamby approached Brown and asked if he was armed. Brown said no. Hamby then began to pat Brown down for weapons, but Brown pushed him away and ran. Two officers gave chase and Brown was caught and placed under arrest for obstruction. A cell phone showing a call from the informant's phone was found on Brown's person.

---

[6] OCGA § 42-8-34.1 (b). See also *Smith v. State*, 283 Ga. App. 317, 318 (641 SE2d 296) (2007).

[7] (Citation omitted.) *Smith*, supra. Accord *Mullens v. State*, 289 Ga. App. 872 (658 SE2d 421) (2008).

[8] (Punctuation omitted.) *Giang v. State*, 285 Ga. App. 491 (646 SE2d 710) (2007), citing *Young v. State*, 265 Ga. App. 425, 426 (594 SE2d 667) (2004).

While Brown was being pursued and arrested, Giddens kept the house under observation. She testified that no one entered or left the house from the time the police arrived at the scene. The officers observed that the front door of the house was standing open and that only a clear glass storm door was closed. Hamby approached the entrance, looked through the glass storm door, and saw a plastic bag resting on an end table. This plastic bag contained what was later determined to be 25.74 grams of 78.4 percent pure powder cocaine, in a package similar to that found on the informant earlier that day. In a subsequent search pursuant to a search warrant, the officers found, in addition to the plastic bag on the end table, two more packages along with a set of scales on top of an entertainment center in the living room; this contraband could not be seen by the officers through the glass storm door. One of these packages was later found to contain 10.76 grams of 49.0 percent pure cocaine.

Under OCGA § 16-13-31 (a) (1), "[a]ny person . . . who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine, . . . in violation of this article commits the felony offense of trafficking in cocaine." In revoking Brown's probation based on the commission of this offense, the trial court found as fact that Brown was in possession of both the cocaine found on the end table near the entranceway and the cocaine found above the entertainment center inside the house. However, no probative evidence connecting Brown with any of the cocaine found in the house was adduced at the revocation hearing.

The statements of the informant, introduced through Hamby's testimony, were hearsay,[9] and as such were not competent to show that Brown had sold a similar package of cocaine to the informant that morning or to identify Brown's voice as that of the "Nino" on the telephone who agreed to make a drug sale at Markel Street later in the day.[10] "Hearsay evidence has no probative value and is inadmissable in a probation revocation proceeding."[11]

---

[9] See *Smith*, supra (revocation of probation was abuse of discretion where only evidence that air compressor in defendant's possession had been stolen was officer's hearsay testimony that victim told him it had been stolen).

[10] See *Patterson v. State*, 287 Ga. App. 100, 103 (2) (a) (650 SE2d 770) (2007) (officer's testimony concerning statements made to him by defendant's mother was inadmissible hearsay). Compare *Couch v. State*, 246 Ga. App. 106, 108 (2) (b) (539 SE2d 609) (2000) (victim's testimony that bystander at scene of hit-and-run accident gave victim defendant's license tag number was hearsay, but was admitted under res gestae exception).

[11] (Citations and punctuation omitted.) *Overby v. State*, 237 Ga. App. 730, 732 (2) (516 SE2d 585) (1999) (officer's hearsay testimony in probation revocation hearing that victim reported that defendant shoved her against a tree could not be considered to support allegations of new battery offense) (id. at 732 (2) (a)). Accord *Barnett v. State*, 194 Ga. App. 892, 893 (392 SE2d 322) (1990) (whole court) ("in this jurisdiction hearsay evidence is inadmissible in a probation revocation proceeding") (citations omitted).

Further, even though Hamby and Giddens both testified that they were present as the telephone calls between "Nino" and the informant were taking place and that they could hear "Nino" talking on the line, neither Hamby nor Giddens was able to identify the voice on the telephone — "Nino's" voice — as Brown's voice. Hamby gave no testimony that he recognized Brown's voice; and, although Giddens testified that she knew Brown by sight and that "Nino" was Brown's street name, she testified that she did not know if that was Brown's voice on the telephone; she only knew it was the voice of a black male. Because there was insufficient evidence to identify Brown as the person speaking to the informant on the telephone, the statements made to the informant in the telephone calls constituted inadmissible hearsay[12] and were "without probative value [and] incapable of supporting [the] trial court's findings."[13]

Other than the inadmissible hearsay testimony concerning statements made by the informant and by "Nino" on the telephone, the state presented no evidence that Brown had any connection with the cocaine found in the house. None of Brown's belongings were found inside the house; Brown did not reside at this residence; and there was no testimony that Brown had ever been inside the house. The only evidence putting Brown near the cocaine was that Brown was sitting in front of the house where the cocaine was found. "Possession may be constructive, but spatial proximity alone is insufficient to prove constructive possession of contraband";[14] even "mere spatial proximity combined with flight is insufficient to connect a defendant to nearby contraband."[15] As in *Anderson v. State*,[16] the admissible evidence presented showed at most "slight" evidence, not a "preponderance," that Brown was in possession of the cocaine found on the end table;[17] there was not even slight evidence that he was in possession of the cocaine found on the entertainment center. And in order to find trafficking, both amounts must have been in his possession.[18] Thus, we conclude that insuffi-

---

[12] See *Patterson*, supra at 102-103 (1) (conviction reversed where officer's testimony concerning call from someone identifying himself as defendant was inadmissible hearsay because officer could not identify defendant's voice and defendant did not later corroborate conversation).

[13] (Citation omitted.) *Barnett*, supra.

[14] (Citation and footnote omitted.) *Brown*, supra at 331.

[15] (Citations and footnotes omitted.) Id. at 332.

[16] 212 Ga. App. 329 (442 SE2d 268) (1994).

[17] See id. at 329-330 (probation revocation reversed where defendant's mere presence at his mother's house was insufficient to show that defendant was in possession of cocaine found there).

[18] *Brown*, supra ("to reach the threshold of 28 grams, the State had to prove that both packages of cocaine . . . were constructively possessed by Brown").

cient evidence supported the trial court's finding that Brown violated his probation by committing the new felony offense of trafficking in cocaine.

3. Brown has not challenged the trial court's finding that he violated his probation by committing a new nonviolent misdemeanor offense (obstruction of an officer). Our review of the record indicates that this particular violation may not have played a role in the trial court's decision to revoke. Because the revocation of probation is a matter within the discretion of the trial court, we vacate the trial court's order and remand this case to the trial court in order that it may consider in its discretion what penalty to impose.[19]

*Judgments vacated and cases remanded with direction. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 3, 2008 —
RECONSIDERATION DENIED OCTOBER 9, 2008 — 

*Steven M. Harrison*, for appellant.

*Timothy G. Vaughn*, District Attorney, *Jon W. Setzer*, Assistant District Attorney, for appellee.

---

[19] See *Mann v. State*, 285 Ga. App. 39, 43 (2) (645 SE2d 573) (2007).