**SECOND DIVISION**
**BARNES, P. J.,**
**RICKMAN and SELF, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 24, 2017**

# In the Court of Appeals of Georgia

A16A2008. JONES v. THE STATE.

BARNES, Presiding Judge.

Pursuant to a plea of guilty, Earl Ezzard Jones was convicted of aggravated battery, aggravated assault and criminal damage to property, and sentenced in April of 2009 to a concurrent 10 year and 5 year prison term; with 1 year to serve.[1] The remainder of Jones' sentence was probated. On December 10, 2010, the State filed a petition to revoke Jones' probation for failure to comply with certain terms of his probation, including committing an aggravated assault in October of 2010, and failing to pay his monthly probation fee. Following a hearing, the trial entered an order on May 19, 2011, revoking Jones' probation.

---

[1] The aggravated battery and aggravated assault convictions merged for sentencing.

Subsequently, on June 17, 2011, Jones attempted to file a notice of appeal from the revocation order. However, the notice of appeal was incomplete and could not be processed at that time. The appeals clerk of the Eastern Judicial Circuit informed Jones at that time and again on November 8, 2012, that he would need to file an amended notice of appeal including certain omitted information before the court would proceed with his appeal. On March 28, 2013, Jones filed a motion to modify the sentence entered upon the probation revocation, in which he argued that his sentence was void because he had been acquitted of all criminal charges upon which his probation was revoked, and that he had not been afforded the opportunity at the revocation hearing to explain why he was unable to pay his probation fees. On April 8, 2013, the trial court entered an order denying the motion.

On May 17, 2013, Jones filed a notice of appeal from the order denying his motion to modify his sentence.[2] On July 5, 2013, the appeals clerk notified Jones that his May 17th notice of appeal was also insufficient and needed to be amended to include certain information, and also informed Jones that his 2011 notice of appeal

_____

[2] The record also includes a document entitled "Application for Discretionary Appeal" that was also filed on May 17, 2013. It is unclear from the record whether Jones actually filed an application in this Court; however, the record reflects that there was no grant or denial of an application related to any of Jones' appeals.

from the probation revocation order had not been amended to included the requested information. On July 22, 2013, Jones filed a second notice of appeal from the order denying his motion to modify sentence, and an amended notice of appeal from the order revoking his probation. The appeals were subsequently docketed in this Court.

On November 22, 2013, this Court dismissed both appeals for lack of jurisdiction because the underlying subject matter of both appeals was the revocation of Jones' probation and thus required that he file an application for discretionary appeal.[3] Thereafter, on October 14, 2015, Jones filed a motion to correct a void sentence in which he again asserted, among other things, that the sentenced imposed from his probation revocation was void by law because he was acquitted of the charges upon which his probation was revoked, and also that, per OCGA § 42-8-34.1, the trial court could not revoke more than two years of the remaining probationary period and impose confinement.[4] The trial court denied Jones' motion and, citing

---

[3] This Court noted that dismissal was also warranted because both notices of appeal were filed more than 30 days after entry of the orders Jones sought to appeal.

[4] OCGA § 42-8-34.1 addresses probation revocation, and authorizes the revocation of up to two years of probation for the violation of any general condition, the revocation of no more than the lesser of the balance of probation or the maximum time of the sentence authorized to be imposed for the felony offense when the defendant commits a felony offense, and the revocation of the balance of probation if the defendant violated a special condition.

3

*Lewis v. Sims*, 277 Ga. 240, 241 (587 SE2d 646) (2003), held that "the later dismissal of charges was of 'no moment' where the revoking court previously found by a preponderance of the evidence that defendant committed the alleged felonies and was subject to the revocation under the applicable statute." Upon our review, we lack jurisdiction in this appeal.

Appeals from orders revoking probation are subject to discretionary review. OCGA § 5-6-35 (a) (5); *White v. State*, 233 Ga. App. 873 (505 SE2d 228) (1998). As a matter involving the revocation of probation, the trial court's denial of Jones' motion to correct a void sentence after revocation is not subject to direct appeal. See *Jones v. State*, 322 Ga. App. 269, 271-272 (1) (745 SE2d 1) (2013); *Todd v. State*, 236 Ga. App. 757, 758 (513 SE2d 287) (1999).

Accordingly, because the Court lacks jurisdiction to consider this appeal, it is hereby dismissed.

*Appeal dismissed. Rickman and Self, JJ., concur.*